3b 483
94 489

CASE 7—PETITION EQUITY—JUNE 4.

## Paul vs. Paul and wife.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. Proceedings under the act of February 16, 1858, to amend chapter 86 of the Revised Statutes (2 *Stanton*, 314), to sell, and reinvest, land held for life, with remainder over to children, &c., are the same whether the remainder-men are infants or adults; but if infants are entitled to the remainder, they should defend by guardian *ad litem*.

2. When infants' real estate is sold under article 3, chapter 86, Revised Statutes (2 *Stanton*, 304), a strict observance of the requirements of the statute is eminently proper for the protection of the rights of infants. But when the sale is made for the purpose of reinvesting the proceeds in other real estate, and not to be placed in the hands of guardians, the reasons for the requirements of article 3, chapter 86, cease.

T. F. HALLAM,                                    For Appellant,

CITED—

*Revised Statutes, chap.* 86; *Civil Code, sec.* 543.

STEVENSON & MYERS,                              For Appellees,
                    CITED—
    *Rev. Stat.*, 2 *Stanton, sec.* 10, *p.* 227.
    *Act of Feby.* 16, 1858, 2 *Stant.*, 314, *art.* 3, *chap.* 86.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Mrs. Louisa Paul, under the deed of Mrs. Doxon to herself and others, took a life estate in the property conveyed by that deed, remainder in fee simple to the heirs of her body, begotten by her husband, Gabriel R. Paul, surviving her. (*Sec.* 10, *chap.* 80, *R. S.*, 227.)

By an act approved 16th of February, 1858, entitled "An act to amend chapter 86 of the Revised Statutes," it is provided, that estates in lands, held as the estate conveyed by Mrs. Doxon to Mrs. Paul and others, as aforesaid, may be sold by a commissioner, appointed by the judgment of a circuit court, or a court of equity, not inferior to a circuit court, for the purpose of being reinvested, according to the order of such court, in other property, in or out of this *State*, to be held for the same uses and trusts, and in the same manner, in all respects, as the property sold was held, &c.

This enactment was intended, and does in fact authorize, different proceedings for the sale of estates thus held from those provided for in chapter 86, for the sale of infants' real estate. The proceedings are the same under this enactment, whether the remainder-men are infants or adults; but if infants are entitled to the remainder, they would, of course, defend by a guardian *ad litem ;* but the interests of those in remainder are equally guarded and protected by the statute, whether they be infants or adults. (2 *R. S.*, 314.)

Proceedings under *article* 3, *chapter* 86, *Revised Statutes*, 304, are for the purpose of obtaining the sale of infants'

Paul vs. Paul and Wife.

real estate, and the conversion of it into money, to go into the hands of a guardian, whereby the nature of the property is changed, and the risk and danger of loss increased; a strict observance, therefore, of the requirements of the statute authorizing such sales is eminently proper for the protection of the rights of infants. But when the sale is made for the purpose of reinvesting the proceeds in other real estate, and not to be placed in the hands of guardians, the reasons for the requirements of article 3, chapter 86, cease; and, as all the requirements of the act of the 16th of February, 1858, *supra*, appear to have been complied with, and the reinvestment of the proceeds made, no error is perceived in the judgment.

Wherefore, the same is affirmed.