CASE 16—PETITION EQUITY—JUNE 18.

# Griffith vs. Burton and wife.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Sales of real estate, held in trust for a married woman during her life, with remainder to her surviving children, if any, and if none, to her husband and his heirs, may be made *for reinvestment*, by the decree of a court, without the report of commissioners, as required by article 3, chapter 86, of the Revised Statutes.

   The acts amending said chapter 86, of 1854 and 1858 (2 *Stanton*, 312, 314), contemplate sales of such interests *"for reinvestment,"* without any report by commissioners. (*Paul vs. Paul and wife*, 3 *Bush*, 383.)

2. The husband having made improvements on the trust estate in this case, he and his wife borrowed money, and, to secure it, mortgaged the trust estate, which was created in 1847. On their petition, and the prayer of the mortgagee, the mortgage debt is ordered to be first paid out of the proceeds, and the remainder to be reinvested. There were no children living, and no probability of any. *Held*—That both the wife and her husband will be estopped and concluded by the decree; and that, moreover, the encumbrance was consistent with the objects of the trust; and that, under the decree of sale in this case, a valid and safe title can be assured to the purchaser.

3. No alleged irregularity in the proceeding against the unknown heirs of the deceased trustee, who have no beneficial interest, could avoid the sale or jeopard the purchaser's title.

   The purchaser is compelled to take the title and pay amount bid by him.

P. JOYES,                                      For Appellant,

CITED—

4 *Met.*, 238 ; *Radford vs. Chamberlin.*

1 *Duvall*, 75 ; *Bacon vs. McDowell.*

*Act of August* 23, 1862 ; *Myers' Sup.*, 426.

*Revised Statutes, chapter* 86.

HARRISON & BENNETT,                    For Appellees,

CITED—

*Civil Code*, sec. 90.

*Rev. Stat.*, 2 *Stanton*, 312–14; *Acts of* 1854 *and* 1858.

4 *Met.*, 238; 1 *Duvall*, 75.

1 *Duvall*, 349; *Thornton vs. McGrath.*

1 *Bush*, 607; *Pettit's adm'r vs. Johnson.*

2 *Bush*, 441; *Cromwell, &c., vs. Mason's heirs, &c.*

3 *Bush*, 484; *Paul vs. Paul and wife.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, Thomas J. Griffith, refusing to comply with the terms of a decretal sale of a house and lot in the city of Louisville, held in trust for a married woman, was, on a rule to show cause, required to execute the contract; and doubting the validity of the decree for sale, he appeals to this court for a judgment assuring a safe title or exonerating him from liability.

The lot, when unimproved, was, in 1847, bought by Willaim Burton, and conveyed to a trustee for the use of his wife, Mary Ann Burton, and their son George, during her life, and, at her death, to said George and any other children born in the meantime, or, if no child survive her, then to the said husband or his heirs. Afterwards the husband built a house and made other improvements on the lot, and removed with his family to Arkansas, where he and his wife borrowed two thousand four hundred dollars, probably to pay for the improvements made by him, and mortgaged the trust property as collateral security.

In January, 1869, Burton and wife filed a petition in the Louisville chancery court, asking for a sale of the trust property for redeeming the mortgage, and reinvesting in Arkansas the residue of the proceeds on the same

trusts; and, in that petition, they alleged the death of their son George, and a strong improbability of their ever having a descendant, considering her age and barrenness since George's birth. Afterwards, by transposition, she was made a defendant; and, on privy examination, answered the petition, concurring in its allegations and prayer. The mortgagee was made a defendant, and sought a sale under his mortgage.

On these pleadings and several depositions, proving that a sale and reinvestment, as sought, would be advantageous to the beneficiaries, the chancellor decreed a sale for redeeming the mortgage and reinvesting the residue, as prayed for; and at that sale the appellant bid six thousand dollars.

No alleged irregularity in the proceeding against the unknown heirs of the deceased trustee, who have no beneficial interest, could avoid the sale or jeopard the purchaser's title. Nor can that title be affected by the appropriation of a portion of the proceeds of the sale to the payment of the mortgage debt, as both defendant and co-plaintiff, Mrs. Burton, will be estopped by her acts and admissions, and the decree will conclude her as well as her husband. Moreover, the encumbrance was consistent with the objects of the trust, and apparently valid; and the want of formal interpleading cannot invalidate the foreclosure.

The last and principal objection to the title is, that the sale is void because it was not authorized by any report by commissioners, as prescribed by chapter 86 of the Revised Statutes, as indispensable to jurisdiction to sell the estate of an infant or married woman; and the case of *Radford vs. Chamberlain* (4 *Met.*, 238), is cited by the appellant as authority for that position; but neither that case, nor any other decision by this

court, has ever applied the 4th and 5th articles of the 86th chapter to a sale of a married woman's trust estate *for reinvestment*. Sales without reinvestment merely convert the estate into money, which may be wasted; and, therefore, in such cases, the law is peculiarly stringent, and its early exposition by this court has been signally technical; and the sections of that chapter, requiring commissioners to value the property in any proceeding to sell the interest of an infant or married woman in land without reinvestment, are amended by the acts of 1854 and 1858 (2*d Stanton, pp.* 312–14), each of which acts evidently contemplate sales of such interests, *for reinvestment*, without any report by commissioners, as adjudged by this court in the late case of *Paul vs. Paul and wife* (3 *Bush*, 484).

The act of 1862 (*Myers' Supplement*, 426–7) applies specially to any limited title of one person accompanied by undeveloped interests in others, undisclosed by the contingency on which their identity and title depend. Its object is to authorize a sale without the encumbrance of such contingent interests in unknown persons, and does not apply to such cases as this, in which the sole purpose of seeking a sale of a certain interest is a reinvestment of the proceeds more advantageously. Moreover, this act dispenses with a report by commissioners by prescribing conformity to the 86th chapter, as amended, including, of course, the amendments of 1854–8, which do not require, in cases of reinvestment, any such report.

It seems to this court, therefore, that, under the decree of sale in this case, a valid and safe title can be assured to the buyer, without hazard of disturbance by Mrs. Burton or her heirs. It is improbable that any child of hers will ever yet be born and survive her.

Consequently, the appellant has no sufficient cause to refuse the consummation of his contract of purchase, and, therefore, the judgment requiring his fulfillment of it is affirmed.