JUDGE COFER
delivered the opinion op the court.
1. We entertain no doubt of the validity of the will of Mrs. Flournoy, and as that point seems not to be insisted on we need not elaborate it.
2. The proceeding was under article 4 of chapter 63, General Statutes, and the object was to sell the property and reinvest the proceeds. In such a case the proceedings are only required to conform to the provisions of article 3 so far as is *725 necessary. Under that article the appointment of commissioners is required; but even there the failure to appoint such commissioners does not render the judgment void or affect the title of the purchaser. It is only when the required bond is not given that the judgment is void, so that if it should be held that a report of commissioners was as necessary in proceedings under article 6 as in proceedings under article 4 (and we incline to the opinion that it is as necessary in the one case as in the other), still the title of the purchaser will not be affected by the failure to appoint such commissioners.
In this case the sale was made for reinvestment, and there was no necessity for a bond. The proceeds of the sale will not go into the hands of a guardian or husband, but will be paid into court and be invested by a commissioner, and in such a case there exists no necessity for a bond, and the judgment directing a sale was valid without it. (3 Bush, 483; Ib. 637; 5 Bush, 361.)
* 3. But the chancellor had no power to decree a sale of the interest of Mrs. Harrison. There are only three states of case in which the sale of the real estate of a married woman can be adjudged under the provisions of chapter 63, General Statutes, viz: 1. The estate of an infant married woman, as provided in article 4; 2. When a married woman owns an undivided interest in land not susceptible of division, or when a division would materially impair its value (sec. 6, art. 5); and 3. When her interest is in remainder or is contingent (art. 6).
The interest of Mrs. Harrison does not belong to either of these classes. She is not an infant; she does not own the land as joint tenant, tenant in common, or coparcener with others; and her interest is neither contingent nor in remainder.
The chancellor has no inherent power to decree the sale of the real estate of married women. When his intervention is invoked to sell lands of persons under legal disability, power *726 for that purpose must be looked for in the statutes, and if none be found he can not adjudge a sale. But the court had power, and we think properly exercised it, to adjudge a sale of the entire estate in the land except the interest of Mrs. Harrison. Mrs. Harrison and her husband have signified their willingness to have her interest sold, and they each signed and verified the petition, and they are the only plaintiffs. "We are, however, of the opinion that there are but two modes in which a married woman can be divested of title to real estate: 1. By judgment of the chancellor in cases in which he is authorized by statute to adjudge a sale; and 2. By deed duly acknowledged and recorded as required by law.
Under section 17, article 4, chapter 52, General Statutes, the separate estate of a married woman may be sold and conveyed in the same manner as if such estate had been conveyed to her absolutely, if there be nothing in the deed or will under which it is held forbidding the sale. But the interest of the wife in the proceeds will be the same as it was in the estate*
The court having possessed power to order the sale of the interest of all the persons interested in the property except Mrs. Harrison, and she and her husband having power to sell and convey her interest, unless it is forbidden by the will of Mrs. Flournoy, the sale should be confirmed and enforced upon the tender of a deed from Harrison and wife to the purchaser duly acknowledged and ready for record, as in our opinion the will does not forbid a sale.
The language of the will on this subject is as follows, viz: “ My will is that the real estate devised by me to my daughters shall remain theirs respectively and their heirs as patrimonial estate, and not be subject by them to be sold,” etc. The preceding clauses of the will invest the daughters with an absolute estate for life, and devised the remainder over in fee. The pronoun “them” in the clause just quoted refers as well to the devisees in remainder as to the daughters of the testatrix, and *727 the limitation upon the power of alienation, if valid as to the daughters, is valid as to the whole line of heirs of the daughters, and would create a perpetuity, which our laws do not permit. We are therefore of the opinion that Mrs. Harrison and her husband may lawfully sell and convey her interest in the land, and that their deed and the commissioner’s deed on behalf of the other parties in interest will invest the purchaser with a perfect title; but without a deed from Mrs. Harrison and husband her interest will not be divested.
Judgment confirming the sale is reversed on this appeal by the purchaser, and cause remanded, with directions to set aside the sale unless Mrs. Harrison and her husband shall tender in court, within such reasonable time as the chancellor may allow, a deed valid to pass her interest in the land. If such deed be tendered the sale should be enforced.