CASE 61—PETITION EQUITY—NOVEMBER 13.

# Munnell v. Orear, &c.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

SALE BY CHANCELLOR OF MARRIED WOMAN'S REAL ESTATE.—While the chancellor may, in such an action as is provided for by section 491 of the Civil Code, order the sale of the life estate or remainder interest of a married woman in real estate, he has no power to sell the absolute estate of a married woman. She can divest herself of title only in the manner pointed out by the statute.

Husband and wife filed an equitable action against their children, asking for the sale of two tracts of land, in which they alleged the wife had a life estate and the children the remainder. The exhibit filed shows that the wife had an absolute estate in one of the tracts of land. A sale was made under the chancellor's order, and the purchaser appeals from the order confirming the sale. *Held*—That the title did

Munnell v. Orear. &c.

not pass, but as the chancellor had jurisdiction to sell one of the tracts, and the proper proceedings were had therefor, the chancellor should give the plaintiffs an opportunity to execute to the purchaser a deed to the other tract, and, if they do so, should not disturb the sale.

CORNELISON & MITCHELL FOR APPELLANT.

1. A *foreign* guardian can not maintain an action against his wards in this State for the sale of their realty situated here, unless he has qualified in this State for that purpose. (Civil Code, sec. 489, subsec. 5; Bell v. Clarke, 2 Met, 575.)

2. A *feme covert* can dispose of her land only as provided by statute. (6 J. J. Mar., 533; Kennedy v. Ten Broeck, 11 Bush, 251.)
   The judgment in this case compels the purchaser to take and pay for the land of a married woman before any tender of a deed made by her and her husband duly acknowledged as required by law.

3. The same mode of executing a deed is required to convey the *feme covert's* life estate in land as to pass her fee. (Smith v. White, 1 B. M., 18.)

4. The sale was void because the petition was not verified by the guardian, but by his attorney. (Gen. Stats.. chap. 63, art. 3, sec. 1.)

5. There was no authority to order a sale, because no answer had been filed by the guardian of the infants. The answer filed by the guardian *ad litem* was of no avail, because his appointment was unauthorized, the required affidavit not having been filed. (Civil Code, sec. 38; Carpenter v. Strother, 16 B. M., 296; Wyatt v. Mansfield, 18 B. M., 781.)

6. If this can be regarded as a proceeding to sell real estate under section 491 of the Civil Code, the sale is void, because there is no evidence that the sale will benefit the parties interested in the property. (Civil Code, sec. 491, and subsec. 4 of sec. 492.)

7. The sale was unauthorized, because not embraced in any one of the three states of case named in chapter 63 of the General Statutes, authorizing the sale of the real estate of a married woman. (Henning, &c., v. Harrison, 13 Bush, 723.)

YOUNG & WHITE FOR APPELLEES.

1. Under subsection 4 of section 35, Civil Code, no *resident* statutory guardian is necessary to maintain this action, or to the validity of the judgment.

2. Subsection 4 of section 492, Civil Code, controls this action, and it has been pursued.

3. There is ample evidence that the sale of the land will benefit all the parties interested.

4. Sections 489 to 498 of the Civil Code were substituted for articles 2 to 6, inclusive, of chapter 63 of the General Statutes. (Notes to Bullitt's Code, p. 90, and notes to sections 489 to 498, inclusive.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees, Columbus Orear and his wife, instituted an equitable action in the Montgomery Circuit Court against their three infant children, in which action they allege that Mrs. Orear, wife of appellee, and said three infant children, owned two tracts of land in said county, containing respectively sixty-three and twenty-four acres, Mrs. Orear owning a life estate therein and the three children owning the remainder interest. That they owned said tracts of land as the devisees of Mrs. Orear's father. They, Orear and wife, also allege that they are residents and citizens of the State of Missouri, and that said infant children are also residents of said State, and are under their care and control; and that appellee, Columbus Orear, is the statutory guardian of said children, duly appointed, etc., in said State. They ask that said land be sold by the court, and its proceeds be invested in real property in the State of Missouri. The petition states facts, which are sufficiently proved, showing that the sale of said tracts of land, and the investment of the proceeds in land in the State of Missouri, will benefit all of the owners of said land.

The proceeding to sell said tracts of land is sought to be had under the 491st section of the Civil Code, which reads: "In an equitable action by the owner of a particular estate of freehold in possession, or by his guardian or committee, if he be an infant or of unsound mind, against the owner of the reversion or remainder,

though he be an infant or of unsound mind, and against the owner of the particular estate, if he be an infant or of unsound mind; or, if the remainder be contingent, against the person, if in being, in whom it would have vested if the contingency had happened before commencement of the action, though he be an infant or of unsound mind, and against the owner of the particular estate, if he be an infant or of unsound mind, real property may be sold for investment of the proceeds in other real property." The foregoing section certainly applies to married women, as well as other persons, who may own the character of real estate therein mentioned; and the chancellor has the power to order such real estate so held, including the interest of married women, sold for the purposes mentioned in said section.

Besides, 6th subsection of section 494 makes it clear that section 491 refers to the interest of married women in the character of real estate therein mentioned.

The said infants, being sued as non-residents, were properly brought before the court by constructive service, and were properly defended by a guardian *ad litem*, duly appointed to defend for them. The chancellor ordered the sale of said two tracts of land according to the prayer of the petition, and the appellant, at the commissioner's sale, became the purchaser thereof. Thereafter the court, having overruled his objection to the sale, confirmed it. From the judgment of confirmation he has appealed to this court.

The allegations of the petition were sufficiently sustained by the proof and exhibits filed, except in this: The exhibits filed show that the sixty-three acre tract

of land was owned by Mrs. Orear, in her own right, in fee-simple. It is probable that the deeds which convey to her this tract of land in fee, were thus made by a mistake ; but be that as it may, the absolute title is in her.

Under the section of the Civil Code *supra* the chancellor has no power to sell the absolute estate of a married woman. Under said section, her life estate or remainder interest only can be sold, together with the interest of others in the same estate, for the purposes mentioned in that section.

"The chancellor has no inherent power to decree the sale of the real estate of a married woman. When his intervention is invoked to sell the lands of persons under legal disability, power for that purpose must be looked for in the statutes ; and if none be found, he can not adjudge a sale." (See Henning v. Harrison, &c., 13 Bush, 723.)

Therefore, the decree of the chancellor ordering a sale of said tract of land did not divest Mrs. Orear of her title. She can divest herself of her title only in the manner pointed out by the statute.

The judgment confirming the sale as to both tracts of land is reversed. But as the lower court had jurisdiction to sell the twenty-four acre tract of land, and as the proper proceedings were had to sell it, and the law fully complied with in procuring the decree of sale, etc. ; and as the appellees, Columbus Orear and wife, by a deed of conveyance, duly made and acknowledged according to the statute, can pass a good title to said sixty-three acres of land to the appellant, which, together with the commissioner's deed to the twenty-

four acre tract of land to appellant, would give him a perfect title to the whole; therefore, the lower court, before setting aside the order confirming said sale, will give Columbus Orear and his wife a reasonable time in which to tender in court a deed to appellant, properly signed and acknowledged by them, to said land; and if such deed should be tendered, the sale should be permitted to stand confirmed; otherwise, the sale must be set aside in toto, and the appellant released from his purchase.