CASE 70—PETITION EQUITY—DECEMBER 7.

# Meddis & Southwick v. Fenley.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. JUDICIAL SALES—APPRAISEMENT.—No coercive sale of land for debt can lawfully be made in the absence of an appraisement. And where the land ordered to be sold is appraised as a whole and only a part of it is sold, there must be a separate appraisement of that part after the sale.

2. SAME.—An order confirming a commissioner's report of sale of land for debt where there has been no appraisement is at least erroneous, if not void, and where some of the parties in interest are infants who will be entitled upon reaching their majority to have the sale set aside for this error, the purchaser does not acquire a perfect title, and can not enforce specific performance of a contract for the sale of the land where he has undertaken by his contract to make a "good title."

BULLITT & SHEILD FOR APPELLANTS.

1. The purchaser can not be required to accept a different piece of property from that which he agreed to buy. (Logan v. Bull, 78 Ky., 607; Leavison v. Baird, 12 Ky. Law Rep., 786.)

2. The failure to appraise the property rendered the sale void. (Cantrill v. Perry, Admr., 7 Ky. L. R., 446; Rose v. Taylor, 8 Ky. L. R., 185; Graves & Wells v. Long, Ass'ee, 87 Ky., 448.)

PIRTLE, SPEED & TRABUE FOR APPELLEE.

1. Fenley tendered a deed for what he had sold.

2. There was an appraisement. That appraisement was considered good in the old case. It is now too late to say that any mere error in the old case can affect the title.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Louisville Chancery Court by the appellee against the appellants, seeking to en-

force specific performance of an alleged contract for the sale of real estate.    The contract is as follows:

"Louisville, Ky., July 28, 1892.

*"John W. Buchanan & Co., Agents for Oscar Fenley:*

"Dear Sir:—We will pay four thousand one hundred dollars for Mrs. Fenley's 38½ feet of ground on west side of 3d street, between the property of Judge H. W. Bruce and Capt. Frank Carter, payable one-third cash and the balance on or before one and two years; six per cent. interest, payable semi-annually; title to be good, and you to allow us $50, being one-half of the commission for selling lot.

"Signed:    MEDDIS & SOUTHWICK.

"The foregoing offer is accepted:

"Signed:    OSCAR FENLEY.

"By J. W. Buchanan & Co., his agents."

It is claimed by appellee that he tendered to appellants a deed to the property sold of date September 27, 1892, and that appellants failed and refused to comply with their contract.

Appellants answered and denied appellee's title to the lot mentioned, and denied his ability to convey a good title to the lot pursuant to the written contract filed.

In the second paragraph of the answer it is alleged in substance that it was contemplated by the parties to the contract that the line of the lot should run on a line with the lot of Judge Bruce, and appellants make various allegations conducing to show that the deed tendered does not include the land bought, and that by reason thereof the lot is worth much less, and that appellee does not own the land all along the line of Judge Bruce's lot, and that the lot, as embraced in the deed, is unfit for the purpose for which it was bought.

A demurrer was sustained to this paragraph, and also to the paragraph as afterwards amended.

In the third paragraph of appellant's answer it is alleged in substance that in 1887 the said lot was sold under judgment of the said chancery court and purchased by one Wymond, and that afterwards, without authority, the sale and judgment were set aside; that in July, 1888, another judgment was rendered directing a sale of the property and the same was sold and purchased by Mary F. Abbott, and that the same was void and passed no title to her, and that there was no appraisement of the property, and that appellee claims title from said Abbott.

Upon final hearing, January 30, 1894, the court adjudged in favor of appellee, and ordered appellants to perform the contract as prayed for by plaintiff, and appellants' motion for new trial having been overruled, they have appealed to this court.

It appears from this record that a mortgage lien existed on a lot upon which there was a residence, the lot including the lot now in controversy, and it being found that this 38½ foot lot could be separated from the residue of the improved property without detriment to either, the separation was made and a judgment rendered enforcing the lien upon the entire lot, if necessary, but directing the 38½ foot piece to be first sold, and, if it brought enough to pay the debt, that no more would be sold; otherwise the entire lot would be sold.

It seems that the entire lot was appraised at $11,000, but that the 38½ feet was never separately appraised, and appellant's contention is that no title, or at least no good title, passed by virtue of the sale, and inasmuch as appellee was bound to make a good title, and being unable to do so, the judgment of the court appealed from should be reversed.

The record also discloses the fact that the legal title to the whole lot was in part, if not wholly so, in five infant children, two of them under fourteen, how much under fourteen is not disclosed, when the suit was instituted in which the sale was made.

General Statutes, chapter 38, article 12, section 2, subsection 3, [Ky. Stats., sec. 1682], provides that before selling land the officer shall have the same appraised, and, if only part be sold, the part so sold shall be so revalued after the sale. The same provision, by act of 1878, is made where the land is sold under a judgment. [Ky. Stats., sec. 2362.] be reviewed in this court. (Talbot v. Pierce, 14 B. M., 200 [158].) that the court would not inquire whether the property brought two-thirds of its value.

In Graves & Wells, v. Long, ass'ee, 87 Ky., 448, in considering this question, the court says: "The law is imperative that the valuation shall be made before the sale. It is not merely directory. *   *   *No coercive sale for debt can be lawfully made in the absence of this valuation. The statute forbids it."

In Phelps, &c. v. Jones, 91 Ky., 250, the sale was set aside because the appraisers were not sworn by a person authorized to swear them. The court says, in speaking of the appraisement: "It is a necessary condition to a sale."

Appellee contends that the whole lot having been appraised at $11,000, it should be held a sufficient appraisement at so much per front foot; but it is unreasonable to suppose that the improved part was worth no more than the unimproved, and, besides, the statute imperatively demands that the part sold shall be appraised.

In addition to what has been said, it may also be

said that the judgment of sale directed a sale of the thirty-eight and one-half front foot lot, and before a sale could be legally made it must be appraised, and there was no attempt made to appraise the same. If it be true, as claimed by appellee, that the confirmation of the sale by the court was in effect a judgment that the property had been legally appraised, yet such judgment, at best, was erroneous, and reversible upon appeal.

It is clear that the infant defendants, after arriving at the age of twenty-one, may, by proper proceedings, have the sale set aside. It therefore results that appellee could not make appellant a good title and was not entitled to a specific performance of the contract. There are no especial equities disclosed in behalf of appellee in this case. Mrs. Abbott could easily have ascertained, before her purchase, that the lot had not been appraised, and could have done so before the confirmation of the sale. The appellee acquired his title, or at least half of it, as heir at law of Mrs. Abbott, and was her surety in the sale bond given for the lot. No money has been paid him by the appellants. The lot was vacant at the time of the sale to appellants, not yielding any income, and is in the same condition still.

The appellants seem to have made a prompt investigation, and soon after the sale refused to perform the contract. The other question of defense made by appellants here need not be decided.

It appears to us that appellee was not able to make to appellants a good title to the lot, and that the court erred in adjudging a performance, and that judgment is reversed and cause remanded, with directions to dismiss appellee's petition.