## Ford, et al. v. May, et al.

(Decided March 12, 1914.)

### Appeal from Pike Circuit Court.

1. **Infants—Real Estate—Judicial Sale.**—Powers of courts of equity to sell and re-invest infants' real estate are statutory, and not inherent, and courts have no power to divest infants of their title to land except in the manner pointed out by the statute.

2. **Infants—Real Estate—Judicial Sale.**—There is no statute in this State giving to courts of equity authority to approve an exchange of land made by the guardian of infants, or to divest infants of their title for the purpose of perfecting such an exchange, and a judgment approving such an exchange is void.

3. **Infants—Land—Void Sale—Recovery.**—Under a judgment approving an exchange of lands made by infants, through their guardian, they are not entitled to recover the difference in rental value between the two tracts of land where their father has either curtesy in the whole tract or a fee simple in half and curtesy in the other half.

J. S. CLINE for appellants.

YORK & JOHNSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On July 11, 1884, Thomas P. Ford executed and delivered to his daughter, Nancy Miriam Ford, a deed, which, omitting the description of the land conveyed, is as follows:

"This deed of conveyance made and entered into this the 11th day of July, 1884, between Thos. P. May and Elizabeth M. May of the County of Pike, and State of Kentucky, parties of the first, and Thos. J. Ford and Nancy Miriam Ford, his wife, parties of the second part,

"Witnesseth: That said party of the first part, for and in consideration of the sum of twelve hunderd dol-

lars as an advancement to the said May Miriam Ford, late May, and our daughter, and for the further consideration of the love and affection we have for our said daughter do hereby sell and convey to the parties of the second part their heirs and assigns forever the following described property, to-wit.

"One tract of land on John's Creek in Pike County and State of Ky. and on the East side of said Creek and bounded as follows, to-wit: (Here follows description.)

"To have and to hold the same, together with all the appurtenances thereunto belonging unto the party of the second part, their heirs and assigns, forever, and the said party of the first part hereby covenants with the said parties of the second part that they will warrant the title of the property hereby conveyed unto the said party of the second part and their heirs and assigns forever.

"The restrictions placed on this conveyance by the Grantors is that the same shall in no wise be liable for the debts or liabilities of the said Thos. J. Ford and shall not be sold by him in any wise without the consent of his wife to whom this is intended to convey a separate estate."

Prior to the year 1890 Nancy Miriam Ford died, leaving surviving her the following children: Samuel M. Ford, Louisa M. Ford, Birdie L. Ford, W. T. Ford, J. H. Ford and Bayard Ford. Thereafter Thomas J. Ford was appointed and qualified as their guardian.

On September 11, 1896, Thos. J. Ford, as guardian, brought suit against his children, alleging in substance that he as guardian had entered into a contract with W. R. May by which he had exchanged the lands described in the above deed for another tract of land belonging to W. R. May and located on John's Creek in Pike County, Kentucky. He alleged in the petition that for various reasons the exchange of lands would be beneficial to the infants. Process was served on Samuel M. Ford, Louisa M. Ford, and Birdie L. Ford, who were over 14 years of age. On proper affidavits a guardian *ad litem* was appointed for Willie, John H. and Bayard Ford, who were infants under 14 years of age, and process was served on the guardian *ad litem*. Proof tending to show that the exchange would be beneficial to the infants was taken by deposition. The guardian *ad litem* filed a report favorable to the exchange.

On final hearing the chancellor adjudged that the exchange would be beneficial to the infants, and entered an order divesting the infants of title to the land, and directing the commissioner to make conveyance to W. R. May. At the same time W. R. May and wife produced in court a deed conveying to Thomas J. Ford and the infants the tract of land for which the exchange was made. Thereupon this deed and the deed from the commissioner to W. R. May were approved and the exchange confirmed.

On March 23, 1912, plaintiffs, Samuel M. Ford and others, children of Nancy Miriam Ford, alleging that they were infants, at the time the exchange was confirmed by the court, brought this action against W. R. May and their father, Thomas J. Ford, as guardian and in his own right, to recover the land embraced in the deed to their mother, and at the same time tendered to W. R. May a deed to the land which they had received in the exchange. They alleged in the petition that W. R. May had falsely stated that the land which they received in exchange was equally as fertile and productive as the land inherited from their mother, whereas the latter land was much more valuable. Its rental value was $300 a year, whereas the rental value of the land which they received in exchange did not exceed $100 a year. They asked that the judgment approving the exchange be set aside and held for naught, and that they be restored to the tract of land which they inherited from their mother, and also asked for an accounting for rents.

Later on plaintiffs filed an amended petition alleging that all of the plaintiffs were under 21 years of age when the lands were exchanged. They further alleged that on the date of the filing of the petition S. M. Ford was 36 years of age; that Louisa M. Marrs was the wife of R. M. Marrs, and was then laboring under the disability of coverture, and was married before she attained the age of 21 years. At the date of filing the petition she was 34 years of age. Birdie L. Craft was a married woman, and was laboring under the disability of coverture; that she was married before she was 21 years of age. That W. T. Ford was 28 years of age, J. H. Ford was 25 years of age, and Bayard Ford was 22 years of age, at the time of filing the petition. To the petition as amended, defendant W. R. May interposed a demurrer, which was sustained and the petition as amended dismissed. Plaintiffs appeal.

For defendant it is insisted that as the chancellor had jurisdiction of the subject matter and of the parties, the judgment approving the exchange of lands and divesting the infants of title is simply erroneous, and that being true, it can be corrected only by appeal or by a proceeding under section 518, Civil Code. On the other hand, plaintiffs insist that the judgment is void because the chancellor was without jurisdiction to approve the exchange. It is well settled in this jurisdiction that the powers of courts of equity to sell and re-invest infants' real estate are statutory and not inherent, and that the courts have no power to divest infants of their title to lands except in the manner poined out by the statute. Walker v. Smyser's Exrs., 80 Ky., 620; Henning v. Harrison, &c., 13 Bush, 723; Liter v. Fishback, 25 Ky. L. R., 260; 75 S. W., 232. It is also the settled rule that where the court ordering the sale of an infant's property derives the power to make the order solely from the statute, the provisions of the statute must be strictly complied with, or the sale will be void for want of jurisdiction to make the order. Elliott v. Fowler, 112 Ky., 376; 23 Ky. L. R., 1676; 65 S. W., 849. Under our code, a vested estate of an infant in real property may be sold by order of a court of equity for (1) the payment of a debt or liability of his ancestor or devisor with which he may be legally chargeable; (2) the payment of his debt or liability; (3) for his maintenance and education; (4) for re-investment in other property. Section 489, sub-sections 1, 2, 3 and 5, Civil Code. The vested estate in real property jointly owned by two or more persons, one of which is an infant, may be sold (1) if the share of each one be worth less than $100; (2) if the estate be in possession and the property cannot be divided without materially impairing its value or the value of plaintiff's interest therein. Section 490, sub-sections 1 and 2, Civil Code. Under Sections 490 and 491-a, reversions, remainders and contingent interests of the infant in real estate may, under certain circumstances, be sold for the purpose of re-investment. Nowhere is authority given to courts of equity to approve of an exchange of lands made by the guardian of infants or to divest infants of their title for the purpose of effecting such an exchange. In the case of Bill v. Burgess, &c., 15 Ky. L. R., 41, the father of the infants owned a life estate and the infants the remainder of a certain tract of land. It was sold at public auction by the father for an adequate price.

After the sale the life tenant filed his petition in equity against his children and the purchaser, asking that the sale be confirmed on the ground that it sold for its full value, and that it was to the interest of his children that the purchase should be sanctioned by the chancellor, and judgment was so entered. On appeal to this court the judgment was reversed. In discussing the case the court said:

"We know of no provision of the statute authorizing such a proceeding, and if approved by this court it would, in effect, repeal the statutes regulating the sale of infants' real estate and remainder interests.

"It is never difficult, and particularly where the life tenant is the parent, to show that his action in selling is for the interest of all parties, and the children divested of title without having the supervision of the chancellor in the direction and disposal of the infants' estate.

"While this is a remainder interest, and a reinvestment is sought of the proceeds, still it is a proceeding authorized by statute, and its provisions must be followed. The chancellor has the power to sell by reason of the statute, but he has no right to approve a sale already made, for then the court becomes subordinate in its power or jurisdiction to that of the life tenant, and surrenders the mode and terms of sale to him, and while subject to the court's approval it is such a loose and anomalous proceeding as cannot be authorized, for if it was the only controversy, where the life tenant sells, will be—as between himself and the infants—was the sale beneficial.

"The chancellor must render the judgment of sale. It must be made by his commissioner or some one appointed to sell, over whom the court has control, and with whom the court can advise as to the propriety of confirming the order of sale."

In the recent case of Howard v. Sebastian, et al., 143 Ky., 327, the court said:

"An infant's title can be conveyed only by sale made by order of a court of equity in the manner authorized by statute."

In the case under consideration there was no sale of plaintiff's land for the purpose of investing the proceeds in other lands. Their guardian exchanged their lands for other lands. The court simply approved the exchange and directed the commissioner to convey plaintiff's land to the defendant. The court's power not be-

ing inherent, but purely statutory, and there being no statute authorizing such a proceeding, it follows that the court was without power to approve the exchange or to divest plaintiffs of title, and that the judgment so entered was void. As plaintiffs show that they were infants when thus divested of title, and ask that the judgment in question be set aside, and that the lands they formerly owned be restored to them, we conclude that the petition as amended states a good cause of action, and that the chancellor erred in sustaining the demurrer thereto.

In view of the fact that the question is not necessarily presented for determination, we deem it unnecessary to pass on the extent of Thomas J. Ford's estate in the land sought to be recovered. As the conveyance was made to him and his wife prior to the enactment of the Weissinger Act, he has either curtesy in the whole or a fee simple in one-half and curtesy in the other half. In either event, he is entitled to the whole of the rents, and plaintiffs cannot, therefore, recover the difference in the rental value of the two tracts of land. No other questions are passed on.

Judgment reversed and cause remanded with directions to overrule the demurrer to the petition as amended.