## Hill, et al. v. Adams, et al.

(Decided January 18, 1921.)

### Appeal from Simpson Circuit Court.

1. Descent and Distribution—Liens for Debts Against Estate.— In this action brought by a creditor under Civil Code, sections 428-429, to subject the real estate of the deceased debtor to his lien debt thereon, and to which the decedent's widow and infant children were made defendants, as it was neither alleged in the petition nor proved that the decedent left no personal property out of which the debt or some part thereof could be paid, the circuit court, in the absence of such a showing, was without power to adjudge a sale of the real estate for the debt sued on. Nothing is to be presumed against, nor taken as confessed by, an infant.

2. Descent and Distribution—Indivisibility of Land—Description— Evidence.—The description of the land contained in the petition and exhibits filed therewith, and depositions of witnesses, sufficently showed the indivisibility of the land and necessity for selling it as a whole. Even in the absence of proof, if the question of the divisibility or indivisibility of the land can be determined by the circuit court from the description thereof contained in the petition and disclosed by the title papers filed therewith, the judgment of sale will not on appeal be reversed because of the court's refusal to require proof as to the matter.

WHITESIDES and BRADSHAW for appellant.

EVANS and MILLIKEN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought in the court below by the appellee, W. W. Adams, to recover the amount of a past due note, originally of $800.00, but reduced by payments to $690.00, on which he was surety for his son, M. B. Adams. The note was executed by the son to W. R. Hobdy in part payment of the purchase price of a 63 acre tract of land in Simpson county conveyed him by the latter and was secured by a vendor's lien retained in the deed. The son after making the several small payments credited on the note died intestate, survived

by his wife, Mary F. Adams, and two infant children, Velma and George Adams, the former over and the latter under fourteen years of age, and neither of whom had a statutory or other guardian or committee. The widow married W. E. Hill and she and her husband, as well as the infant children of M. B. Adams, were made defendants to the action and all duly served with summons. Hobdy assigned the above note to one Martin, following whose death it was paid to his administrator by appellee.

The facts thus far stated appear from the petition and are uncontroverted. The widow and her husband failed to answer, but a guardian *ad litem* appointed by the court filed the usual formal report for the infants. It was alleged in the petition that the land upon which the vendor's lien existed for the payment of the note sued on could not be divided without impairing its value, and this fact was proved by the depositions of two witnesses. The prayer of the petition asked for the enforcement of the vendor's lien by the sale of the land or enough thereof for the payment of appellee's debt. Judgment was rendered by the circuit court which in substance directed the commissioner to sell the land as a whole and take a bond payable to appellant for the amount of his debt, and then a bond payable to himself for the surplus proceeds of the sale, for the benefit of the appellants, widow and children of M. B. Adams, to be thereafter distributed by the court as their interest might appear.

The sale was had at which the land was purchased by appellee, W. W. Adams, at the price of $4,725.00, which was more than $500.00 over its appraised value and $3,969.96 more than his debt, and for the latter amount the commissioner took a separate bond conditioned as directed by the judgment.

After the filing of the report of sale, the appellants filed exceptions thereto and at the same time moved to set aside the judgment. The exceptions and motion were overruled and the sale confirmed. Appellants complain of the judgment of sale and of these rulings, and have appealed. The objections raised both by the motion and exceptions substantially were and are, that the court was without jurisdiction to adjudge a sale of the land on the showing made by the petition, it being claimed that nothing was to be taken as confessed by the infant ap-

pellants and that the allegations of the petition and proof taken failed to show the indivisibility of the land or necessity for its sale; and that it was neither alleged nor proved that the decedent, M. B. Adams, did not leave sufficient personal estate to pay in whole or part the debt of appellee and others that he might have been owing; and that in no event should the judgment of the court have directed a sale of more than enough of the land to pay the appellee's debt. In order to subject an infant's real estate to his ancestor's debts, the provisions of sections 428 and 429, Civil Code, must be substantially complied with, and the question whether the land is divisible is not of itself the only determining factor in a sale under those sections. There might be a division without materially impairing the value of the land, and yet such division might result in the material impairment of the interest of one or more of the joint owners, and it is alleged in the petition that a division of the land would materially impair its value. There was here proof sufficient to show the indivisibility of the land; and it has been held, even where the lands were owned by infants, that if this question can be determined by the court from the description and quantity of the land as disclosed by the statement of facts contained in the petition and shown by the title papers filed therewith, the judgment of sale would not be reversed because of the court's failure to require proof as to the matter. Finney v. Finney, 144 Ky. 114.

Without taking up the other objections in detail, we are constrained to hold that the one complaining of the failure of the record to show the insufficiency of the decedent's personal estate to pay his debts we regard fatal to the judgment and sale. In other words it does not affirmatively appear from the record before us either by necessary allegations or by proof that the personal estate of the decedent was insufficient to pay his debts, and as under the sections of the Code, *supra,* and the rulings of this court this is indispensably necessary, the sale of the land herein cannot be approved, for nothing can be presumed against an infant. Luscher v. Julian's Admr., 173 Ky. 151; Ford v. May, 157 Ky. 830; Melcher v. Yager's Guardian, 159 Ky. 597. It is true the petition alleges that there was not sufficient personal estate left by M. B. Adams to pay his debts, but this was only a conclusion of the pleader and leaves the implication that

the decedent did leave some personal estate, but there is no averment as to the amount or value thereof, nor as to the amount of debts he was owing; nor is it alleged that there had been a settlement of his estate; and, obviously, if there was personal estate that could have been applied to the payment of appellee's debt, in whole or in part, the lien retained on the land to secure its payment could not have been enforced, except to the extent that the exhausting of the personalty left it unpaid; and as none of these facts appear from the petition or are shown by proof, the lower court was without authority to render the judgment appealed from.

For the reasons indicated, the judgment is reversed and cause remanded with directions to the lower court to sustain the appellant's exceptions and motion referred to, and to set aside the judgment appealed from, leaving the parties to take such steps as will empower the circuit court to properly compel by the enforcement of his lien, the payment of appellee's debt.