## Ware's Guardian et al. v. Ware et al.

(Decided February 18, 1930.)

WM. J. BAXTER and WM. HILL MACKEY for appellants.

LETCHER SAUNDER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Edward Ware died a resident of Jessamine county, intestate, and the owner of real and personal property. He left surviving him Cora Ware, his wife, Ethel Ware Foster, a daughter, and Bettie Dean Ware, an infant 12 years of age. M. L. Ware, his brother, qualified as his administrator, and brought this action for the settlement of the estate. He alleged in the petition that the decedent owed at the time of his death debts amounting to $————, and left some personal estate, but not enough to pay the indebtedness. He also died seized of two tracts of land in Jessamine county and of one-half of another tract. The administrator settled his

accounts with the master commissioner under the orders of the court. The personal property received by him amounted to $1,073.97. He had paid out $941.47, leaving a balance in his hands of $132.50. Commissioners were appointed to allot the widow her dower. They made an allotment which was approved by the court. The commissioner reported the debts against the estate; these amounting to about $1,800. In this condition of the record, at the next term of the court and on the last day of the term, the commissioner's report having been confirmed, the court entered a judgment for the sale of the land, with this recital:

"It appearing to the satisfaction of the court that it is necessary to sell the remainder of the real estate owned by the decedent Edward Ware at the time of his death, for the purpose of paying the debts against the estate and that it would be best for the interest of the heirs at law that this be done and the residue of money arising from the sale be distributed to them after paying the cost and expenses of administration."

The commissioner made the sale of the land, and M. L. Ware was the purchaser of all the land, outside of the widow's dower, for $2,150. At the next term of the court, and before the court had signed the orders of the last term, the infant, by her guardian and guardian ad litem, moved the court to set aside the judgment and order of sale made on the last day of the preceding term. The court overruled the motion and signed the order. The master commissioner then filed his report of sale. The infant by her guardian filed exceptions to the sale; the exceptions were overruled, and the sale confirmed. The infant appeals.

The action is one brought under sections 428-438 of the Civil Code of Practice. By section 429, in such an action the court may order the real property descended or so much thereof as shall be necessary to be sold for the payment of the debts. But the court is without authority to sell any more of the land in such a proceeding than is necessary for the payment of the debts. No proof had been taken in the case. There was no showing what the land was worth and no proof that it was indivisible, and there was no proof that a sale of all the land was necessary. The law zealously guards the rights of infants, for the reason that they are unable to protect

themselves. So it is provided that in such cases the facts must be proved by competent evidence. There was no evidence warranting the judgment of the court for the sale of all the land. The judgment was erroneous and should have been set aside. As the courts have no inherent power to order the sale of an infant's real estate, their powers are purely statutory, and the statutes must be strictly complied with. Ford v. May, 157 Ky. 830, 164 S. W. 88; Hill v. Adams, 190 Ky. 224, 227 S. W. 148. The motion of the ward to set aside the judgment was made in time, as held in Fristoe v. Gillen, 80 S. W. 823, 26 Ky. Law Rep. 149, and should have been sustained.

Among other things, the ward excepted to the report of sale of the land, because the commissioner did not have the lands appraised. Section 2362, Ky. Stats., provides:

"Before any real estate shall be sold under an order or judgment of a court other than an execution, the commissioner or officer whose duty it may be to sell the same shall cause it to be valued, under oath, by two disinterested intelligent housekeepers of the county, not related to either party, who may be sworn by the officer. If they disagree, the commissioner or officer shall act as umpire. If a part only of a tract of land is sold, the part sold shall, after the sale, be revalued in like manner."

While it has been held that the statute has no application to a sale of an infant's land on the petition of his guardian, or to a sale made solely for a division of the proceeds among the owners, Woolridge v. Jacob, 79 Ky. 250; Vivion v. Vivion, 50 S. W. 984, 21 Ky. Law Rep. 103, it has been held that it applies in sales under section 429. Graves v. Long, 87 Ky. 441, 9 S. W. 297, 10 Ky. Law Rep. 414; Meddis v. Fenley, 98 Ky. 435, 33 S. W. 197, 17 Ky. Law Rep. 974. The reason for the statute clearly applies in such cases; for the sale is made for the payment of debt. There is nothing in the record showing the value of the land, and no appraisement was made before the sale. The sale must be set aside.

Judgment reversed, and cause remanded for further proceedings consistent herewith.