Judge Marshall
delivered the Opinion of the Court.
This was an action of ejectment, upon the joint and sev’eral demises of the heirs of Thomas Vowles, against William Buckman. It was proved, on the part of the plaintiff, that Thomas Vowles, the father of the lessors, had died in possession of the land in controversy, claiming under several deeds purporting to convey the title to him in fee simple; and that, at the commencement of the .action, and up to the time of the trial, the defendant was in possession, claiming by purchase under a decree of the Nelson Circuit Court. For the purpose of showing that the defendant claimed under the title of Vowles, the plaintiffs’ counsel read a record of the Nelson Circuit Court, purporting to contain the history of a petition and the proceedings thereon, in the names of the heii’s of Thomas Vowles, of whom seven are stated to have been then infants, praying for a decree for the sale of the home plantation of their deceased father, and containing the report of a sale and conveyance of the same by a commissioner, to the defendant, under the order of the Court.
Upon this evidence, the Court, at the instance of the defendant, instructed the jury that, if they believed all the evidence, they should find for him; which they accordingly did. And a judgment having been rendered in pursuance of the verdict, an appeal is prosecuted, for its reversal, mainly upon the ground that the instruction above stated, was erroneous.
The evidence certainly conduces to prove that Thomas Vowles had title which descended to his heirs and remains with them, unless transferred by the proceedings contained in the record above referred to. The question upon the correctness of the instruction, re *467 solves itself, therefore, into the enquiry whether that record proves that the lessors have been divested of their title. And this depends upon the conformity of the proceeding evidenced by the record, with the statutory prescriptionswhich were attempted to be pursued. For it needs neither argument nor authority to prove, that the Court had no right, except so far as it is specially authorized by statute, to make itself the instrument of transferring title to land, and especially the title of infants, upon an ex parte application, and merely in obedience to the will, or with a view to the interest, of owners. And as the jurisdiction and authority of the Court, in assuming such an instrumentality, is special and limited, it is obvious, upon well settled principles,, that so far as the validity of the transfer attempted to be thus made, depends upon the action of the Court, it can only be sustained by showing that the case was within the special jurisdiction conferred on the Court, and that it had a right to act upon it.
The proceeding now in question was instituted under the statute of 1813, entitled “an act vesting jurisdiction in the Circuit Courts, to authorize the sale of the real estate of infants in certain cases,” (Slat. Law, 806,) and must stand or fall by a comparison with the provisions of that statute.
The land now in question appears to have descended, to the heirs in whose names the petition purports to-have been filed, and of whom some appear to have been infants. So far a case is shown, in which the is snown, m wmcn me Court, might act. But the jurisdiction of the Court does not attach, under the statute, unless the case is brought be- „ . . , _ , .. p „ fore it by the petition oi the guardian oi one or more oi the infant heirs, stating that, in his opinion, the sale of their land will redound to their advantage, and supported by his affidavit of the truth of the facts set forth in the petition. The propriety of this provision, and its importance to the safety of infants, require no comment. *468 It is sufficient that the statute does not authorize the Court to act upon the petition of the infants, either by themselves, or by any person who may choose to interfere in their affairs in the character of a prochein amie; ' but only upon the application of their regularly appointed guardian, verifying, by his oath, the facts of the case, and suggesting his opinion as to the interest of his wards. This is the basis of the whole proceeding, and of the power of the Court to act in the particular case. The statute does not authorize the Court to sell the inheritance of an infant whenever and because it may deem such sale advantageous to the infant; but authorizes tl\e guardian, when he may deem a sale advantageous, to apply to the Court for its sanction, and directs the mode in which that sanction may be obtained, and a sale subsequently effected. There is, therefore, no case before the Court, in which it can act under the statute, until it is brought there by the guardian.
In the proceeding now in question, there was no such petition or affidavit by the guardian, as is required by the statute, nor any act on his part, equivalent to an application by him, or evincing even' his concurrence in the application as made. The petition seems to have been filed by counsel, and is in the names of all the heirs of Yowles, stating only that the seven infants petition by their next friend, who seems to be the husband of one of the adults. We are of opinion, therefore, that there was no case before the Court in which it could exercise the jurisdiction conferred by the statute, in directing and effectuating a sale of the land, and that the subsequent proceedings, even if they had been regular in form, were wholly without the authority of law, and derive no aid from the statute, or from the action of the Court, as means of transferring the title, either of the adult or infant heirs, or as evidence of any such transfer. Foiqthere being no case before the Court on which it had power to act, its action could not, by its own force, conclude any body; and the record of such an extra-judicial proceeding, being, at most, evidence of nothing more than what it states to have taken place in Court, does not even prove such an assent to the pro *469 ceeding by the adult heirs, as would bind them to the sale, of course, it proves no such assent by the infants.
But the proceeding is variant from the prescriptions of the statute in several other particulars, and especially in this, that, contrary to the express provision of the fifth section, the sale was ordered without requiring a bond to be executed by the guardian. This requisition, if any further proof were wanting, shows the necessity of the guardians being the party to the proceeding. It appears, indeed, that the same person who was appointed commissioner to receive the money coming due for the sale of the land, was, at some time, appointed guardian of the infants, and that after collecting the money he executed bond for paying it over to the heirs, as required by the Court. But for all that appears, his appointment as guardian may have, been made after his appointment as commissioner to receive the sale money for the land; and if, under these circumstances, his receiving the money and entering- into the bond for its payment, can be deemed equivalent to the. execution of the bond before the sale is ordered — which is not decided — it is certain that, so far as the jurisdiction of the Court to make the sale is concerned, the agency of the guardian, as required in the commencement of the proceeding, could not be supplied by acts done after the sale was actually made, and by a guardian having the sale money in his hands, and who may have been appointed, not only after the sale, but after he had collected, or had a right as commissioner to collect, the purchase money.
Without, however, going further into detail, we are of opinion that, as the record in question does not show a case before the Court in which it had a right to direct or authorize the sale of the land, it furnishes no evidence of the transfer of the title of the lessors; and therefore, opposed no obstacle to the right of recovery in this case. And as the evidence conduces to show, that the defendant acquired and holds the possession under a void proceeding, purporting to transfer the title of the lessors to him, under color of law; we cannot doubt that, nothing more apppearing, they. are entitled to recover the pos *470 session thus held without right under their title. This conclusion, in the present case, is supported by its analogy to the case of a void sale and conveyance under execution; in which case, it has been repeatedly decided that, when the possession has been obtained and held by the purchaser, under the void sale and deed, it may be recovered by the defendant in the execution, in an action of ejectment. Addison &c. vs. Crow & Jarvis, 5 Dana, 271, and the cases there cited. It is proper to remark, that the sale in this case, was not, and could not be, made under the 20th section of the act of 1796, Stat. Law, 565, which only authorizes a sale where the dividend of each heir shall not exceed thirty pounds in value. And further, that although the record introduced by the plaintiff, does not prove a transfer of title even by fcthe adult heirs, they might have done acts which would bind them to the sale made in their names. But even if such acts had been proved in this case, or if we should be mistaken in the opinion that the record does not prove such a consent on their part, as would bind them, still, as the infants certainly were not bound by the proceeding, and a recovery to the extent of their interest might have been had on their several demises, the general instruction to find for the defendants, was clearly erroneous.
The act of 1796, authorizes the sale of infants' real estate, only where the share of each heir will not exceed £30.
Wherefore, the judgment is reversed, and the cause remanded for a new trial on principles not inconsistent with this opinion.