Carter v. Crow's Admr.

and cause remanded for another trial consistent with this opinion.

---

CASE 5.—JOHN M. CARTER FILED EXCEPTIONS TO THE CONFIRMATION OF A SALE TO HIM BY THE ADMINISTRATOR OF O. J. CROW, DECEASED, IN THE SETTLEMENT OF DECEDENT'S ESTATE— October 22.

## Carter v. Crow's Admr.

Appeal from Lincoln Circuit Court.

W. C. BELL, Circuit Judge.

Judgment confirming sale and Carter appeals— Reversed.

1. Executors and Administrators—Sale of Real Estate—Persons Who May Appeal.—A purchaser at a sale made in a suit to settle a decedent's estate has the right to appeal from a judgment confirming the report of sale.

2. Executors and Administrators—Sale of Real Estate—Validity —"Material Allegations."—Under Civil Code of Practice, sec- tion 126, providing that material allegations against infants must be proved, though not denied, and section 127, defining a material allegation to be one necessary to support the action, and section 429, requiring a petition in a suit to settle a decedent's estate to state the amount of debts, the nature and value of the property of decedent, and providing that, if the personal property is insufficient to pay debts, so much of the real property as may be necessary may be sold, a sale of an entire tract before the value of the personal property had been ascertained, and before it had been ascertained, at least approximately, what the claims against decedent's estate amounted to, and without any showing that the land was indivisible, was, as to infant heirs, void.

3. Executors and Administrators—Sale of Real Estate—Validity. —The report of a commissioner that, in his judgment, certain

claims against a decedent's estate had been proved according to law, is not sufficient to support a judgment directing a sale of decedent's real estate to satisfy the same, but, before any such sale is ordered, the validity of the claims should be passed upon by the court.

4. Executors and Administrators—Sale of Real Estate—Provision for Infants.—A judgment directing a sale of the real estate to pay debts must make necessary provision to protect the interest of infant heirs in the proceeds of the sale, over the sum required to pay the debts, otherwise a sale in excess of the amount necessary to pay debts, though the real estate be indivisible, will be void.

J. B. Paxton for appellant.

1. The judgment directing a sale of the land was premature.

2. No proof was taken to sustain the allegations of the petition, as required by Civil Code sub-section 1 of section 126.

3. No proof was taken to show the land was indivisible or that it was necessary to sell the whole of it to pay the debts of the decedent.

4. The report of sale did not properly describe the property sold so that it could be identified.

AUTHORITIES CITED.

Civil Code, sections 126, 127, 128, 410, 429; Anderson v. Anderson, 30 Ky. Law Rep. 250; 16 Cyc. 459, 460; Ency. of Pleading & Practice, vol. 17, p. 1068; Commonwealth v. Vanderbilt, 26 Ky. Law Rep. 716; Auxier v. Clark, 26 Ky. Law Rep. 890.

M. C. SAUFLEY for appellee.

POINTS AND AUTHORITIES.

1. The appeal being by a purchaser at judicial sale from an order of confirmation, and not by a party from the judgment of sale, the title of the purchaser is not affected by irregularities of procedure, or by any errors in the the judgment, if such exist; and this is true even if the judgment shall afterward be reversed on the appeal of the party affected by the errors: (Campbell v. Johnson, 4 Dana 177; Clark v. Bell, 4 Dana 20; Singleton v. Cogar, 7 Dana 481; Dunn v. Salter, 1 Duvall 342; Amos v. Stockton, 5 J. J. M. 638; Yocum v. Forman, 14 Bush 494; Clark v. Farrow, 10

B. M. 446; Baker v. Baker, 87 Ky. 462; Gossom v. Donaldson, 18 B. M. 237; Vanmeter v. Vanmeter, 88 Ky. 448; Dorsey v. Kendall, 8 Bush 294; Lusk v. Salter, 2d Bush 201; Clarey v. Marshall, 4 Dana 99; Botto v. Botto, 6 Ky. Law Rep. 663; Vanbussum v. Maloney, 2d Met. 550; Bennington v. Reed & Southerland, 8 B. M. 102; Talbott et ux v. Campbell, &c., 67 S. W. R. 53; Ratcliff v. Mason, 92 Ky. 190; Helm v. Bond, 114 Ky. 289.)

2. The facts relied on by appellant do not constitute error.

(a) Jesse Hocker did not have a potential curtesy in the land, and was not a necessary party. Neither he, nor his wife, nor any one to her use, was ever seized. The wife, herself, was entitled to only one-sixth of the surplus after satisfying liens and other debts and cost of settlement. (Neeley v. Butler, 10 B. M. 48; Carr, &c., v. Givens, 9 Bush 679; Yankey v. Sweeney, 85 Ky. 65; Conner v. Downer, 4 Bush 631; Petty v. Malier, 15 B. M. 591; Stinebaugh v. Wisdom, 13 B. M. 467; VanArsdall v. Fountleroy's Heirs, 7 B. M. 401.)

(b) Absence of any evidence, and not lack of quantum of evidence, furnishes infant ground of complaint. Purchaser can not be heard. (Civil Code, sections 120, 128; Gilbert v. Bamberger et al, 45 S. W. 88; Green, &c., v. Page, etc., 80 Ky. 370.)

(c) If judgment of sale is premature, only a clerical misprision. Not available to purchaser on exceptions. But it is not premature. (Civil Code, sections 516, 17; Civil Code, sections 102, 366; Practice Act.)

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

In June, 1906, O. J. Crow died intestate. In July following his administrator filed suit for a settlement of his estate. The petition alleged that decedent left personal property of the value of less than $3,000; that he owed a mortgage debt of about $8,000; that he owned a farm of 156¼ acres; and that it was necessary to sell same to pay his debts and settle his estate. Upon the filing of the petition, the clerk referred the case to the commissioner to hear the proof of claims, as authorized by section 430 of the Civil Code of Practice. In his advertisement, the time within which to file claims was limited to August 15th

following; but few claims were filed within the time limit, and some of those filed were rejected by the commissioner for various reasons. The case was therefore re-referred, and the claims, as finally proved and allowed by the commissioner, amounted to $8,818.45. At a special term of the court held on September 6, 1907, judgment was entered directing a sale of the entire tract of land, and the sale was made under this judgment on the 26th of September following. Appellant became the purchaser for $10,593.77. At the regular November term the sale to appellant was reported, and the administrator asked that it be confirmed. Appellant thereupon filed the following exceptions to the report: :

"(1) The judgment rendered by the court at the special term held September 6, 1907, under which the aforesaid sale was made, was premature, in that the issues in this case had not been completed 30 days before the commencement of the term at which said judgment was rendered. Said term began and said judgment was rendered on the 6th day of September, 1907. The report of the guardian ad litem for the infant defendant Mary M. Crow was filed August 30, 1907, and the report of the statutory guardian of the infant defendant Ollie Crow Vanhook was filed September 6, 1907, the same day that judgment was rendered.

"(2) No proof was taken or filed to sustain the allegations of the petition as to the infant defendants.

"(3) The defendants Lizzie Glover and Minnie Hocker are both married women and their husbands are not parties to this action.

"(4) There is no proof on file showing that the land is indivisible, or that it was necessary to sell the whole of same.

"(5) The report of sale does not describe the property sold. For these reasons, the reported purchaser asks that the exceptions to the report of sale be sustained; that the sale be declared void; that the sale bonds executed by him be canceled."

From the conclusion which we have reached it becomes unnecessary to pass upon the first exception. The third exception is cured by the subsequent pleadings. The fifth exception is abandoned; and it remains necessary to consider only the second and fourth exceptions. To the contention of counsel for appellee that appellant has no right to prosecute this appeal we deem it but necessary to say that in the case of Sanders v. Wade, 30 S. W. 656, 17 Ky. Law Rep. 205, it was held that the purchaser at a judicial sale was a necessary party to any appeal that might be prayed from the judgment confirming the report of sale. In Farmers' Bank of Kentucky v. Peter, 13 Bush, 591, it was held that the chancellor should refuse to confirm a sale when it was made to appear on exceptions filed before confirmation that there was a defect in title, or some other reason sufficient to set aside the sale. And in Elliott v. Fowler, Guardian, 112 Ky. 376, 23 Ky. Law Rep. 676, 65 S. W. 849, it was held that in a suit to settle an estate the sale of more land than was necessary to pay the debts was void as to infants who had an interest in the land. Hence, if the land in question was divisible, and it was not necessary to sell all of it, the sale of the excess was, as to the infant defendants, void, and this of itself furnished sufficient ground to authorize the chancellor to refuse to confirm the sale; the exceptions having been made in proper time.

The petition shows that two of the heirs of decedent are infants. Section 126 of the Civil Code of

Practice provides that all material allegations of pleadings against infants must be proven, even though not denied. Section 127 defines a "material allegation" to be one necessary to support the cause of action, and section 429 sets out at length what facts must be stated in the petition for a sale of a decedent's real estate for the purpose of settling his estate. These "necessary allegations" are the amount of the debts; the nature and value of the property, real and personal, so far as known to the plaintiff; and whether or not the personal estate is sufficient to pay all of the debts. If not, the court may order the real property, or so much thereof as shall be necessary, to be sold to pay the residue of the debts remaining unpaid after the personal estate is exhausted. From the petition it appears that the personal estate was estimated to be of a value not exceeding $3,000, though no sale had at that time been had of any of the personalty; that the decedent owned three parcels or tracts of land, containing 7 acres, 129 acres, 1 rod, and 4 poles, and about 20 acres; that these tracts were purchased at different times by the decedent, but were all contiguous, and should all be sold together as one tract, for the reason that they all constituted and were used by the decedent as one tract or farm; that the decedent was indebted to divers persons in amounts unknown to the plaintiff, but that the aggregate of their claims far exceeded the value of the personal estate of decedent; that the plaintiff held notes against decedent amounting to something over $8,000, and these notes are set out and described in the petition at length. He prayed for a reference to the master commissioner to hear proof of claims; that his own rights, so far as his claim, which was a mortgage debt, was concerned, be pro-

tected; and that the land be sold to satisfy the mortgage and other debts, together with the costs of administration. All of the adult defendants named in the petition were brought before the court. The infant defendant Mary M. Crow was represented by her guardian ad litem, G. D. Florence, a practicing attorney regularly appointed as such, and the infant defendant Ollie Crow Vanhook by her statutory guardian, J. H. Vanhook.

The judgment recites that: "The court is of opinion, and so adjudges, that a sale of all of the land mentioned and described in the petition of which O. J. Crow died possessed is necessary for the payment of his debts." The master commissioner was directed to make said sale to the highest and best bidder on the 25th day of September, 1907. On the same day the master commissioner filed a report of claims, in which several claims were allowed and others rejected. He asked that the case be re-referred, and claimants given an opportunity to amend their proof. In this report he recited that the claim of Matthew Woodson would be allowed on condition that the court extended the time fixed by the order of reference. It appears that this claim was presented after the date fixed by the commissioner for receiving claims, and for this reason was not allowed. At the November term following, on the 6th of November, the commissioner filed his report of sale. His report showed that he sold the land to appellant for $67.70 per acre, and, accompanying the report of sale, were the report of the appraisers, valuing the land at $65 per acre, or $10,140 for the entire tract, and the bonds of the purchaser, due in six and twelve months, one for $5,296.88 and the other for $5,296.89. On the 12th day of November the master commissioner filed

a report on claims, and on the 13th of November the case was again referred to him for further proof as to debts. At the February term, 1908, of court, the commissioner filed his third and last report on claims. At the time the sale was ordered the claims which had been reported to and allowed by the master commissioner amounted to $50.60. Several other claims had been presented, but had not been allowed, nor were any other claims allowed by the commissioner until after the sale had been made and reported back to court, so that at the time the sale was ordered, so far as the record shows, and by that we must be guided, the court had nothing before it bearing upon the indebtedness of decedent's estate further than the general allegation of the petition that the debts of decedent largely exceeded the value of the personal estate, which was fixed at less than $3,000, coupled with the report of the master that valid claims had been presented and allowed to the extent of $50.60, and while it has been held that the court may order a sale of land before any report of claims has been made, or even before a reference to the commissioner has been made for proof of claims, in cases where the court is satisfied that it is necessary to sell all of the land (Harlammert v. Moody's Adm'r, 26 S. W. 2, 15 Ky. Law Rep. 839, and Rogers v. Rogers, 31 S. W. 139, 17 Ky. Law Rep. 358), we are familiar with no authority which authorizes a sale of the decedent's real estate until the necessity therefor has been established by pleading and proof.

The pleadings in this case are too vague and indefinite on the subject of the indebtedness of the decedent to authorize a judgment directing a sale of all his land, and the report of the commissioner did not supply this defect. In fact, both taken together

showed that at that time it was not known what the indebtedness was, and as said by this court in the case of Harlammert v. Moody's Adm'r, 26 S. W. 2, 15 Ky. Law Rep. 839, above referred to: ''Of course, it is necessary for the court to know certainly or approximately the amount of demands against the estate in order to determine whether to sell all of the real estate or part only.'' The allegations of the petition and the proof before the court at the time the sale was ordered did not furnish the court the information which it should have had as to the indebtedness of the estate before ordering the sale. Even if it is conceded that at that time the court was advised fully as to the exact amount of the indebtedness which was later shown by the commissioner's reports, to wit, $8,818.45, we are of opinion that the judgment directing a sale of the entire tract was error, for there was no proof that the land was indivisible, and, in the absence of such proof, the judgment should have directed a sale of only so much land as was necessary to pay the debts.

The petition alleged the personal property to be of a value not exceeding $3,000, and appellee in his brief admits that there was realized out of the sale of this personalty $1,793.93, so that it was only necessary to sell enough of the real estate to raise the sum of $6,221.47, and the costs of the litigation. This being true, a sale of the entire tract was error. Auxier v. Clark, 82 S. W. 605, 26 Ky. Law Rep. 890. This land had been bought in three tracts. The presumption would be that it was susceptible of division, and, as the right of infants were involved, the law cast upon plaintiff the burden of affirmatively establishing the fact that it was not susceptible of division before a sale of the entire tract could be ordered.

Talbott v. Campbell, 67 S. W. 53, 23 Ky. Law Rep.
2198, and Gill v. Lane, 80 S. W. 1176, 26 Ky. Law
Rep. 267. We are of opinion that the court erred
in directing a sale of the real estate before the value
of the personal property belonging to decedent had
been ascertained, and before it had been ascertained,
at least approximately, what the claims against de-
cedent's estate amounted to. This information was
necessary in order for him to determine what sum
had to be raised by the sale, and, in the absence of a
showing that the land was indivisible, he should have
directed a sale of only so much of the land as was
necessary to pay the debts against the estate remain-
ing unsatisfied after exhausting the personalty, to-
gether with the costs of the suit for settlement. The
case seems to have been hastily practiced throughout.
None of the reports of the commissioner on claims
appear to have been confirmed. This was doubtless
an oversight, but no judgment should have been given
to pay any debt which the court had not found to be
a valid claim against the estate. The report of the
commissioner reciting the fact that in his judgment
certain claims had been proven according to law, and
were allowed, is not in our opinion sufficient to author-
ize or support a judgment directing a sale of the real
estate to satisfy same, but, before any such sale is
ordered, the validity of these claims should be passed
upon by the court.

For the reasons indicated, the judgment is reversed
and remanded for further proceedings consistent with
this opinion. Upon a return of the case opportunity
should be given the plaintiff, if he can, to show that
the land is indivisible. If this fact is established to
the court's satisfaction, a judgment may be entered
directing a sale of the entire tract. If not, then it

should direct only so much of the land sold as may be necessary to pay the debts remaining unsatisfied after exhausting the personalty, together with the costs of the suit to settle the estate. If it is shown that the property is indivisible, and it is ordered sold as an entirety, then the court, in its judgment, must make necessary provision for the protection of the interests of the infant defendants in the proceeds of the sale over and above the amount required to pay the debts and costs of the settlement. Otherwise the sale in excess of the amount necessary to pay the debts, even though indivisible, will be void. Elliott v. Fowler's Guardian, 112 Ky. 376, 23 Ky. Law Rep. 676, 65 S. W. 849; Zehnder v. Schoenbachler, 70 S. W. 278, 24 Ky. Law Rep. 847; Louisville Banking Co. v. Pranger, 68 S. W. 632, 24 Ky. Law Rep. 408.