### Soper et al. v. Foster et al.

### Sanders' Administrator v. Soper et al.

(Decided June 24, 1932.)

ᒪ. SAUNDERS and GLENN RICKETTS, for appellants.

JOHN H. WELCH and BRONAUGH & BRONAUGH, for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

In June, 1926, Peter Sanders' administrator sued L. M. Soper and his two infant daughters, Eudell and Doris Soper, to collect a $750 note of L. M. Soper and Ida L. Soper, deceased wife and mother. It was alleged that Mrs. Soper had died intestate and no personal representative had qualified; that she "left no personal property out of which this note could be paid"; and that the only estate she left was a certain house and lot in

Nicholasville which descended to the defendants and which could not be divided without materially impairing its value. The infancy of the two defendants was set up. No personal judgment was sought against the husband, although a maker of the note, nor against the children to recover assets of the decedent coming into their hands. Judgment against the estate of Mrs. Soper was prayed. The sale of the house and lot, and application of so much of the proceeds that might be necessary to pay plaintiff's debt were asked. Jurisdiction of the infants was obtained in the manner provided by the Code, and a guardian ad litem filed formal answer that he could make no defense. No evidence whatever was taken. A default judgment was rendered upon the pleadings against all of the defendants adjudging that Mrs. Soper had died intestate with no personal estate and was the owner of the house and lot described, which was indivisible without impairing its value. It was adjudged that plaintiff recover of her estate the amount of his note, and that the property be sold as prayed. It was appraised at $3,000 and sold by the commissioner to L. M. Soper for $1,500. He assigned his purchase to P. T. Foster, surety on his purchase-money bond. It appears that a sufficiency of those bonds was paid to satisfy the debt and a lien retained in the deed to secure the balance coming to the infants, which has never been paid.

In December, 1930, Eudell Soper, who was then twenty-four years of age, in her own name and as guardian of her sister, filed suit against Sanders' administrator, L. M. Soper, and P. T. Foster, charging that the note sued on by Sanders' administrator was the debt of their father, and that their mother was only his surety. Proceedings of the former suit were set out and the record made a part of the petition by reference. The validity of the judgment was assailed upon several grounds. The prayer of the petition as amended was that the judgment be set aside and held for naught, the deed canceled, and the property or the infants' interest therein be restored to them. On motion, the original suit was redocketed and the cases consolidated. Demurrers to the petition as amended were sustained, and it was dismissed. Appeals are prosecuted by Eudell Soper, individually, and as guardian of her sister, from the judgment in the original suit as well as in the latter one. We are of the opinion that the original judgment was void, and shall treat the subsequent suit as having the effect

of a motion to set it aside. Civil Code of Practice, sec. 763. Other issues may be disregarded.

The disposition of an infant's real property is hedged about with legal barriers. Because of a conclusive presumption of incapacity, he is denied the right of disposing of it according to his own wishes. To protect him against the possibility of spoliation or waste, only the chancellor of a court of proper jurisdiction may dispose of an infant's land through the agencies of a court. That power is not inherent. It is derived from the statutes, and its exercise is defined and limited by specific directions, which must be strictly observed. In a word, the court can dispose of an infant's land only in strict accordance with the terms of the statutory laws. They are its sole and only power and single source of jurisdiction. These are fundamental and inexorable principles, expounded and maintained from the beginning of our jurisprudence. Vowles' Heirs v. Buckman, 36 Ky. (6 Dana) 466; Elliott v. Fowler, 112 Ky. 376, 65 S. W. 849, 855, 23 Ky. Law Rep. 1676; Wyatt's Trustee v. Grider, 158 Ky. 440, 165 S. W. 420; Eversole v. Roberts, 239 Ky. 532, 39 S. W. (2d) 986. We find that power in section 489 of the Civil Code of Practice. It authorizes the sale of a vested estate of an infant by order of a court of equity for several purposes and under certain specific conditions. The only one here involved is for the payment of the debt of an ancestor with which the infant may be legally chargeable, ''in an action brought against him pursuant to section 428; or in an action brought against him by a creditor of the ancestor or devisor, unless it be enjoined pursuant to section 436.'' It is therefore necessary to measure the sufficiency of the proceedings by the provisions of section 428. Section 489 and 428 must be read together. Bowles v. Bowles' Admx., 211 Ky. 250, 277 S. W. 260. Section 428 is supplemented by several succeeding sections, the whole establishing the method and procedure for settling the estate of a deceased person. Under them a suit may be maintained by a creditor of the decedent. His personal representative, other creditors, and those having liens or an interest in his property must be parties to the suit. The controlling influence of the provisions of section 429 on this opinion claims its quotation:

''In such an action the petition must state the amount of the debts and the nature and value of the

property, real and personal, of the decedent, so far as known to the plaintiff; and, if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property descended or devised to the heirs or devisees who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts."

The petition in this case is fatally defective and was not sufficient to give the court power to order the sale. It ignores some of the provisions of section 428 as to parties, and all of section 429 with respect to the value of property and amount of debts. Even the conclusion pleaded as to the personal property is not that it was insufficient for the payment of all debts, but merely that there was none to pay the debt sued on.

Moreover, a default judgment may not be rendered against an infant. The law traverses all material allegations against him. Section 126, Civil Code of Practice. The court may take judicial knowledge, however, from a description of the property, as in the instant case, that it cannot be divided advantageously. Clay's Guardian v. Rice, 172 Ky. 164, 189 S. W. 11. But necessity for the sale must be established by proof before a sale is ordered. Carter v. Crow's Admr., 130 Ky. 41, 112 S. W. 1098. It must affirmatively appear at the time that the personal property of a decedent was insufficient to pay his debts before the land descending to infants may be sold. Luscher v. Julian's Admr., 173 Ky. 150, 190 S. W. 692.

That this judgment is erroneous is free from doubt. The only serious question is whether it is void. The necessity for the determination is that one of the appellants lost her right of appeal one year after reaching her majority if the judgment is only voidable. Section 745 Civil Code of Practice; Hays v. Wicker, 161 Ky. 706, 171 S. W. 447. A "void judgment" is in legal effect no judgment; no rights are divested; and no rights are obtained or barred. Carpenter v. Moorelock, 151 Ky. 506, 152 S. W. 575; Adams Express Co. v. Bradley, 179 Ky. 238, 200 S. W. 340.

A judgment is void when the court proceeds without authority and in a manner forbidden by law with respect to the matter being adjudicated, although it may have jurisdiction of the parties and of the subject-matter.

Lorton v. Ashbrook, 220 Ky. 830, 295 S. W. 1027; Lowther v. Moss, 239 Ky. 290, 39 S. W. (2d) 501. Since the source of the court's authority to divest title of an infant in his land is the statutes, there must be no departure from it, else the sale is void for want of jurisdiction; for the want of power to order the sale. The philosophic and historical opinion of Elliott v. Fowler, supra, reviews our statutes and decisions from the beginning of the commonwealth and presents fully and sufficiently the reasons for the conclusion stated. Its logic and authoritative statements of the law have been consistently recognized. The merit and pertinency of the following extract from that opinion, we trust, will excuse the length of this quotation:

"It is said innocent purchasers at these sales, or innocent purchasers subsequent to the sales, may be injured, may sustain loss, if this rule is adhered to. That cannot be, though, except the parties to the proceeding have shown, and the court has suffered, such a palpable departure from their plain statutory duty as would result in loss to the infant unless this rule stands. It, then, is the question, which should suffer, if either must—the infant whose utter helplessness makes it impossible for him to know, much less to prevent, the wrongful act, or the adult purchaser, whose ripened judgment and experience and sense of caution, prompted by self interest, all make it his duty, as it is his opportunity, to look and to know, before he parts with his money, whether these plain statutory requirements have been performed? Shall such a negligent one, to save himself from loss, which could not have been but for such negligence, be permitted to say to the babe robbed of his patrimony, 'I am the innocent one'? Or, it may be said, it is the sanctity of the judgments of the courts— their stability—that must be upheld. Are the judgments that were made for property rights of more importance than the property rights for which they were made? It is not sound public policy that would tempt perfidy in dealing with infants' estates, or at best condone their neglect by those intrusted with them, and put a premium upon carelessness. That course is better that admonishes alike guardians and purchasers that, before they can devest the infant of his land, they must look carefully, under pain of

loss, to a strict compliance with the law. The legislature has provided the manner, and for what purposes alone, an infant's land may be sold. It had the undoubted right to so provide, or even to withhold altogether such right of sale.

"What sufficient reason could be urged upon us to justify our allowing the infant's title to be passed for a different purpose, or in a different manner, than the lawmaking body of the state has seen fit to provide? We can conceive of none. We therefore hold that, when the proceedings show that the statutory ground or necessity for selling the infant's lands do not exist, or where the bond required by the Civil Code of Practice (section 493), has not been executed, the judgment and sale are void. The infant loses no rights under them, and the purchaser takes none."

In Hill v. Adams, 190 Ky. 224, 227 S. W. 148 suit was filed by a creditor of a decedent to collect a note secured by lien and to have a sale of the land made by the court for its satisfaction. The surviving widow failed to answer, and a guardian ad litem filed the usual formal report for the infant defendants. Such was the situation here. It was alleged and proved that the land could not be divided without materially impairing its value. In the attack upon the judgment it was made to appear that there was neither allegation nor evidence showing that the land could not be divided without materially impairing the interest of one or more of the owners; nor was there allegation or proof that the decedent did not leave sufficient personal estate to pay his debts. The allegation that there was not sufficient personal estate left to pay decedent's debts was regarded as a conclusion of the pleader and left the implication that he did leave some personal estate. Since there was a failure to show that there was no personal estate to satisfy all the debts, and no settlement of the estate had been had, it was held that the lower court was without authority to render the judgment.

In Hicks v. Winn, 198 Ky. 192, 248 S. W. 499, and Bowles v. Bowles' Admx. supra, the infants were plaintiffs in suits to settle the estates of their ancestors for payment of debts. It was held that the judgments were void because the procedure was in conflict with section

428, which provides that such a suit must be against the infant. While the particular ground upon which those judgments were held void is different from the instant case, the principle is the same. In addition to the cases already cited, others which held sales of infant's land by order of court to be void in whole or in part for failure to comply with the Code provisions in one or more particulars are Auxier v. Clarke, 82 S. W. 605, 26 Ky. Law Rep. 890; Ford v. May, 157 Ky. 830, 164 S. W. 88; Schlickman v. Dusing, 180 Ky. 506, 203 S. W. 295, and May v. Pratt, 237 Ky. 369, 35 S. W. (2d) 542.

The insufficient pleading and absence of evidence did not authorize the court to render the judgment of sale. Having no power to do so, it follows the judgment is void.

It should be said, however, that in such cases if there was merely an irregularity in the practice which did not affect the power or jurisdiction of the court, the judgment and sale are not void. Clay's Guardian v. Rice, supra.

Wherefore, the judgments are reversed and the cases remanded, with directions to set aside the sale and judgment in the original suit, leaving the parties to take such steps as may be necessary to adjudicate the whole matter.

Whole court sitting.