# Jones et al. v. Keen et al.

March 10, 1942.

W. H. Lewis for appellant.

J. H. Asher for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

Appellants are the widow and infant heirs of Boyd Jones and have prosecuted this appeal from a judgment of the Leslie circuit court dismissing their petition to set aside and declare void certain deeds made to appellees by the master commissioner of that court in the year 1932, pursuant to 2 proceedings and judgments entered against them in the year 1931. The properties conveyed by the deeds were owned by Boyd Jones at the time of his death in the year 1925 and were theretofore mortgaged to appellees by Jones and his wife. The orders under which the lands were sold gave personal judgments against the widow and infant heirs for the debts incurred by Jones in his lifetime. The petitions in those actions merely alleged facts showing the claims sued on were unpaid and secured by mortgage. Neither of the petitions was verified, and the pleadings, purporting to be affidavits asserting the infancy of 5 of the defendants, were not subscribed or sworn to. Despite that fact, guardians ad litem were appointed, who respectively made their reports in each case. No defense being made, judgments were taken by default.

The personal estate of a deceased person is responsible for his debts and it is the duty of the administrator to pay out of the personal estate all debts of the decedent whether secured or unsecured. If the personal estate is not sufficient to pay the debts, the administrator may petition the court for sale of the real estate owned by the decedent at the time of his death. Should the administrator fail to file such action within 6 months after his appointment, any creditor may file suit for that purpose. Sections 428 and 429, Civil Code of Practice. In that manner only can real estate passing by descent be subjected to the payment of the ancestor's debts; and personal judgment cannot be rendered against the heirs of the deceased unless it be shown that they have participated in a distribution of the assets of the estate. Section 434, Civil Code of Practice. An action to subject

real estate of an infant to the payment of the debts of his ancestor is in the nature of an action to settle the estate, and the provisions of Sections 428 and 429 of the Civil Code of Practice must be substantially complied with, both as to the allegations of the petition and proof necessary to sustain the judgment, Section 489, Civil Code of Practice; Hill et al. v. Adams et al., 190 Ky. 224, 227 S. W. 148; Soper v. Foster, 244 Ky. 658, 51 S. W. (2d) 927. Such formalities must be observed even though the land it is sought to subject to the payment of the debt was placed in lien for the payment thereof prior to the death of the ancestor. Hill et al. v. Adams et al., supra. Since the petitions in the foreclosure suits failed to allege, as required by Section 429, Civil Code of Practice, the amount of all known debts of appellants' ancestor, the nature and value of both real estate and personalty owned by him at the time of his death, and facts sufficient to show that the personal estate was insufficient for the payment of all debts, they were fatally defective and wholly insufficient to sustain the judgments or sales. Luscher v. Julian's Adm'r, 173 Ky. 150, 190 S. W. 692. Even had the petition been sufficient, it was error for the court to render judgment for the sale of the infants' property without requiring proof of the necessary allegations of the petition, because under Section 126 of the Civil Code of Practice allegations of a petition against an infant stand traversed as a matter of law and must be proved to form the basis of a judgment. Clay's Guardian v. Rice, 172 Ky. 164, 189 S. W. 11; Carter v. Crow's Adm'r, 130 Ky. 41, 112 S. W. 1098.

It is urged by appellees that the court is without power in this action to set aside the deeds, because the judgments ordering the sales were erroneous and not void; but with this contention we cannot agree. A judgment is void when the court rendering the judgment proceeds without authority and in a manner forbidden by law in respect to the matter being adjudicated, although it may have jurisdiction of the parties and the subject matter of the action. Lorton v. Ashbrook, 220 Ky. 830, 295 S. W. 1027; Lowther v. Moss, 239 Ky. 290, 39 S. W. (2d) 501. Since the power of the court to order a sale of an infant's real estate for the payment of his ancestor's debts is derived by statute, any substantial departure from the procedure outlined by statute deprives the court of its authority to order the sale and renders any attempted exercise of such authority void. Soper v.

Foster, supra. That being true and the irregularities appearing on the face of the records, the judgments ordering the sales are not immune from collateral attack because neither of the judgments bestowed or extinguished any right. Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412; Bailey v. Jones, 228 Ky. 42, 14 S. W. (2d) 152; Booth v. Copley, 283 Ky. 23, 140 S. W. (2d) 662.

Wherefore the judgment is reversed with directions to set it aside and for further proceedings not inconsistent with the views herein expressed.