## Skidmore et al. v. Napier et al.
Dec. 4, 1942.

Astor Hogg for appellant.

E. H. Johnson for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming in part and reversing in part.

Appellee, Frank Napier an infant, brought this action by his next friend, Lottie Garrett, to have a judgment declared void which was entered on April 4, 1928, in the case of R. F. Cox et al. v. R. O. Shehan, Adm'r of Mary Napier et al. In that action a farm of 80 acres located in Harlan County in which the infant had an interest was sold for $500 in a suit brought by creditors to settle Mrs. Napier's estate under Section 428, Civil Code of Practice and to sell the infant's real estate under Section 489, subsec. 1 to pay the ancestor's debts. By mesne conveyances this farm became the property of the appellant, Chester Skidmore.

By answer and counter-claim Chester denied the material allegations of the petition and pleaded affirmatively that he purchased the property in good faith for $1500 and enhanced its value to $3000 by improvements he put thereon. He asked that the petition be dismissed and his title be quieted; or if that was not done, that he be adjudged a lien on the property for $3000.

By an amended petition appellees made Hays Garrett, the purchaser at the decretal sale, and Minter Skidmore, who bought the farm from Garrett, parties defendant and sought to recover of the three defendants $1497.44 for the use of the property, timber cut and sold therefrom, destruction of a house and barn, changing the course of a stream on the land, and perhaps for other items of damage.

The chancellor held the judgment in the former action was void and that the purchaser at the decretal sale took no title, therefore no one claiming through him got title to the farm. He offset appellee's claim for rent and damages against appellant's claim for improvements and allowed neither to recover against the other. Chester Skidmore alone appeals and appellee prosecutes a cross-appeal.

The record in the first suit was lost and it is stipulated that the only parts thereof which have been found were the appraisement (which valued the property at $250), the advertisement of sale, the report of sale and

the sale bond. Mrs. Frances Jones, a deputy clerk of the Harlan Circuit Court, testified that the dockets and order books in her office showed only these facts relative to the record in the former case: It was filed on Nov. 23, 1927 (the day the administrator of Mary Napier qualified), the sheriff's return copied on the docket showed a copy of the summons was served on Lee Napier and Mrs. Lottie Garrett with whom Frank Napier, an infant under 14 years of age, resided; an order entered March 22, 1928, appointed a guardian ad litem for the infant and an order entered April 3, 1928, filed the guardian ad litem's answer; a judgment entered on April 4, 1928, directed a sale of the land for payment of Mary Napier's debts; an order entered May 8, 1928, filed report of sale and laid it over three days for exceptions, and an order confirmed the sale on May 11, 1928. Although there is no order setting aside this confirmation of sale, there is an order on Feb. 5, 1929, reporting the sale which was confirmed on Feb. 12, 1929. On Aug. 21, 1929, it was ordered that the master commissioner from the proceeds of the sale bond he had collected should pay the cost of the action and turn the balance over to the administrator who was directed to pay the claims of creditors, and for the balance, if any, he would make settlement with the county court clerk, evidently meaning it would be paid to the guardian of the infant.

Doubtlessly there were two sales of the property as it was first advertised for sale on county court day, Monday, May 7, 1928, and again advertised for sale on county court day, Feb. 4, 1929, which accounts for the two reports of sale mentioned above. There must have been an order setting aside the confirmation of the first sale and directing a re-sale of the property, else there could have been no re-sale, and we feel that a more thorough search by appellee would have revealed other orders in the first case than those he put in this record.

It is insisted by appellee that the judgment in the first case was void because; 1. the infant was not served as provided by Section 52 of the Civil Code of Practice; 2. that the guardian ad litem was appointed after judgment was rendered; 3. the judgment did not recite that the land was indivisible nor the amount of debts for which it was being sold; 4. the action was prematurely brought under Section 428 of the Code.

At the time the first suit was filed the father, Lee Napier, was living and both he and his infant son, Frank, were named in the summons. The sheriff's return shows a copy of the summons was handed to Lee, and to Mrs. Garrett, with whom Frank (then an infant under 14 years of age) resided. Section 52 of the Code provides that service on an infant under 14 must be had by delivering the summons to his father. But in McComas v. Hull, 284 Ky. 654, 145 S. W. (2d) 841, we followed Cheatham v. Whitman, 86 Ky. 614, 6 S. W. 595, 9 Ky. Law Rep. 761, and Cain v. Hall, 211 Ky. 817, 278 S. W. 152, and wrote that where the father was served in the same action as was the infant and both were named in the body of the summons, a delivery of one copy of the summons to the father constituted good service on the infant under Section 52, and it was unnecessary to deliver to the father another copy of the summons for the infant, and delivery of a copy of the summons to the mother of the infant was mere surplusage. Therefore, in the instant case the infant was properly served when the summons was delivered to his father and the delivery of another copy of the summons to the grandmother, who had him in charge, was unnecessary.

Appellee is in error when he says the guardian ad litem was not appointed until after judgment. The record shows he was appointed on March 22, 1928, filed his answer on April 3rd, and the judgment was entered the next day, April 4th. Hence, it is not necessary to further pursue this point.

The first judgment is vigorously attacked as void because it did not recite the amount of debts owing by Mary Napier at the time of her death, nor did it adjudge the land to · be indivisible. That action was brought under both Section 428 of the Code to settle her estate and under Section 489, subsec. 1, to sell land of an infant for payment of an ancestor's debts. The entire record in that proceeding was lost, except the parts referred to in a former paragraph in this opinion, hence, we are unable to say what the pleadings averred or what the proof showed. The court had jurisdiction of the subject matter and of the person of the infant. Nothing appearing in the record in the instant case to the contrary, every presumption is indulged in favor of the judgment and the regularity of the proceedings, and the burden is on the attacker to prove the irregularity of

which he complains. 15 R. C. L. 875, Section 353 et seq.; Potter v. Webb, 186 Ky. 25, 216 S. W. 66; Goosling v. Varney's Trustee, 268 Ky. 394, 105 S. W. (2d) 178.

In an action brought under Section 489, subsec. 1, it was held in Elliott v. Fowler, 112 Ky. 376, 65 S. W. 849, that a judgment rendered for a sale of all the decedent's land before the amount of indebtedness had been ascertained, and without any allegations as to the amount of indebtedness, was void as to the infant. In following the Elliott case it was said in Bennett v. Owen, 183 Ky. 233, 218 S. W. 815, that the judgment in such an action was void unless the amount of the indebtedness was ascertained, citing Carter v. Crow's Adm'r, 130 Ky. 41, 112 S. W. 1098, 1100. We quote from the Carter case:

> "We are familiar with no authority which authorizes a sale of decedent's real estate until the necessity therefor has been established by pleading and proof. * * * The allegations of the petition and the proof before the court at the time the sale was ordered did not furnish the court the information which it should have had as to the indebtedness of the estate before ordering the sale."

This Carter case cites Harlammert v. Moody's Adm'r, 26 S. W. 2, 15 Ky. Law Rep. 839, which said that the court was authorized to sell the property if it appeared to the court that the personal estate is insufficient for the payment of all the debts, no matter whether it appeared from the report of the commissioner or from the pleadings. So it would appear that it is not indispensable for the judgment of sale to show the amount of the indebtedness or that the land was indivisible, which facts may be shown in the pleadings and proof, and may be incorporated in the master commissioner's report. As there is nothing in the record to the contrary, we presume that the pleadings and proof in the lost record of the first case show the amount of indebtedness and that the land was indivisible.

Nor do we regard as fatal to that judgment the fact that the action to settle the estate was prematurely brought under Section 428 of the Code by creditors against the administrator, the surviving husband and the heir of the decedent. Had the personal representative so desired, he could have filed a special demurrer

to the petition and thereby delayed that action until six months after he had qualified. Utterback's Adm'r v. Hannan, 255 Ky. 425, 74 S. W. (2d) 563; Hambrick v. Smith, 231 Ky. 423, 21 S. W. (2d) 658. The administrator waived his right to object to the premature bringing of that suit, but his so doing did not affect the infant. Had the administrator desired he could have brought suit immediately after his appointment to settle the estate and sell the infant's land. Certainly the infant was not hurt and cannot complain of the administrator allowing a creditor to proceed immediately with the suit when the administrator could have exercised the same right.

Nothing herein written is in conflict with Soper v. Foster, 244 Ky. 658, 51 S. W. (2d) 927, and Jones v. Keen, 289 Ky. 779, 160 S. W. (2d) 164, which hold that the power to sell an infant's real estate is purely statutory, and any substantial departure from the procedure outlined in the statute renders the judgment void. In the instant case there had been a lapse of 14 years since the original judgment was entered and practically the entire record is lost. We are asked to hold the judgment therein void and set aside a judicial sale because from that judgment standing alone and unsupported by the lost record it appears there might have been some departure from the statute in proceeding against the infant. There being nothing to the contrary in the small part of the record before us in the first case, we prefer to indulge the presumption that the lost record would support that judgment and show it was regular in every respect. Wolverton v. Baynham, 226 Ky. 214, 10 S. W. (2d) 837. While infants are regarded as special wards of a court of equity, yet public policy requires the protection of the purchaser at judicial sales; and as was said in Ohio Oil Co. v. West, 284 Ky. 796, 145 S. W. (2d) 1035, the title of a bona fide purchaser is not rendered invalid by errors in the proceedings which do not render the judgment void.

Having arrived at the conclusion that the judgment in the first case was not void, and that the purchaser at the decretal sale took good title, the questions of improvements and of rental value of the land vanish.

The judgment is affirmed on cross-appeal and reversed on the appeal, with directions that one be entered consistent with this opinion.