## Smith v. Burnett.

June 15, 1945.

250

Stephen L. Blakely for petitioner.

Oldham Clarke and Irvin Marcus for respondent.

OPINION OF THE COURT BY JUDGE SIMS—Dismissing petition.

This action originated in this court and by it the plaintiff, Mrs. Patricia R. Smith (formerly Patricia R. O'Brien), seeks a writ of prohibition against Hon. Gilbert Burnett, Judge Chancery Branch, Second Division, Jefferson Circuit Court, to prevent him from hearing a suit filed by the Louisville Trust Company and the Fidelity & Columbia Trust Company, administrators with the will annexed of the estate of her first husband, John A. O'Brien, to settle his estate.

Mr. O'Brien died on January 1, 1934, and his will devised his large estate to his widow, the plaintiff in this action, after making specific bequests of $1,000 and $5,000, respectively, to Georgetown University of Washington, D. C., and the Catholic Bishop of decedent's home diocese. On February 18, 1937, the personal representatives instituted an action in the Jefferson Circuit Court under sec. 428 of the Civil Code of Practice for a settlement of the estate, naming as defendants the three beneficiaries and asking a reference to the master commissioner for a determination of the amounts to be paid them, the fixing of allowances and attorney fees and the final settlement of the estate. The petition contained this paragraph: "Plaintiffs say that after their qualification as administrators, with the will annexed, of the said John A. O'Brien, they entered upon the performance

of their duties as such, and took possession of all of the personal estate of the said John A. O'Brien, deceased, and have continued to act as such administrators with the will annexed ever since; that they have caused all estate and inheritance taxes, except certain disputed and undetermined portions thereof, and all debts of said estate, to be paid, and have collected all income arising therefrom, and have kept an account of their receipts and disbursements and are now ready to make final settlement of the said estate; that they have not paid the bequests to either the College of Arts and Sciences of Georgetown University of Washington, or to the Roman Catholic Bishop of the Diocese of Louisville, but that there are sufficient assets to pay both of said bequests."

Georgetown University and the Bishop each filed answers claiming their respective devises under the will. An order of reference was made directing the commissioner to settle the accounts of the administrators; to advertise for and to hear proof of claims; to hear proof on the correctness of the administrators' report; to report cost of administration, including compensation due administrators and their attorneys; and to hear proof on how the estate should be distributed under the will.

The widow engaged in extensive litigation with the surviving members of a partnership in which her husband owned a material interest. That action came to this court and subsequently went to the United States Supreme Court, during which time the suit to settle the estate slumbered on the docket. O'Brien v. O'Brien, 321 U. S. 767, 64 S. Ct. 518, 88 L. Ed. 1063. Subsequent to the disposition of her case in the Supreme Court on May 8, 1944, the widow filed special and general demurrers to the settlement suit which were overruled. O'Brien v. O'Brien, 322 U. S. 769, 64 S. Ct. 1052, 88 L. Ed. 1594. Thereafter she filed the present action in this court averring that the jurisdiction to make a settlement with the personal representatives is vested exclusively in the county court under KRS 25.110, 25.170, 25.175, 25.180, 25.190 and 25.200, except in an action properly brought under secs. 428 and 429 of the Civil Code of Practice; that under the averments of the petition in the settlement suit Judge Burnett is proceeding and will proceed beyond his jurisdiction and that she has no ade-

quate remedy and for this reason she asks a writ of prohibition against him.

Mrs. Smith filed her petition in this court on April 13, 1945, and exactly one week thereafter the University and the Bishop filed motions to withdraw their answers in the settlement suit wherein they made claims to the specific bequests. These motions were sustained and orders were entered dismissing their claims as "settled."

A writ of prohibition may not be demanded as a matter of right but the granting or refusing of it lies within the sound discretion of the court. There is apparent danger in the indiscriminate use of this extraordinary power, consequently it is rather sparingly exercised, and only then to prevent injustice when there is no adequate remedy and to preserve an orderly administration of the law. Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178; Gilman v. Doak, 194 Ky. 21, 237 S. W. 1069.

Our opinions are in harmony as to the limitations on our original jurisdiction under sec. 110 of the Constitution, which are that we entertain jurisdiction (a) only when the inferior court is acting without jurisdiction, or (b) it is acting within its jurisdiction but erroneously, and great and irreparable injury will follow therefrom and the petitioner is without adequate remedy. Frain v. Applegate, 239 Ky. 605, 40 S. W. 2d 274; Henneberger, etc., v. Price, 252 Ky. 402, 67 S. W. 2d 471. But it is not in every case where the inferior court is proceeding out of its jurisdiction that the writ will issue, because usually there is an adequate remedy by appeal in such instances and the writ is never granted when there is other and ample remedy. White v. Kirby, 147 Ky. 496, 144 S. W. 369; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178; See 42 Am. Jur., secs. 7 and 20, pages 143 and 157.

It seems that our task is to determine whether the chancellor is exceeding his jurisdiction, or if not, is he proceeding erroneously in a matter in which the plaintiff may suffer great and irreparable injury without any adequate remedy.

Section 428 of the Civil Code of Practice provides who may institute suit in the circuit court to settle an estate, the time for its institution and who must be made parties. It is not insisted that the requirements of sec.

428 are not met, but it is argued that the above-quoted excerpt from the petition did not meet the requisites of sec. 429 which reads: "In such an action the petition must state the amount of the debts and the nature and value of the property, real and personal, of the decedent, so far as known to the plaintiff; and, if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property descended or devised to the heirs or devisees who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts."

It cannot be doubted that the circuit court has jurisdiction in a suit to settle an estate, but whether or not the averments of the petition are sufficient to state an action under secs. 428 and 429 is another question. We must not lose sight of the fact that we are not determining here whether or not the chancellor erred in overruling the special and general demurrers to the petition, but whether he has jurisdiction of the settlement action. In support of her argument that the chancellor has no jurisdiction in the settlement suit, the plaintiff largely relies upon such cases as Harris v. Harris' Adm'r, 147 Ky. 712, 145 S. W. 369, and Jones v. Keen, 289 Ky. 779, 160 S. W. 2d 164.

The Harris opinion states that a petition filed under sec. 429 must aver the nature and value of the property of decedent, real and personal, so far as is known to the plaintiff, as the purpose of that section is to bring the entire estate of decedent and the statement of his debts within the jurisdiction of the court, so that the rights of all parties interested in either may be determined. There, the averments of the petition failed to state the nature and value of the property in such a way as to identify it, also, the action was prematurely brought; hence this court held that a demurrer was properly sustained. No writ of prohibition was there sought against the chancellor and all that opinion decided was that the petition was bad upon demurrer. Here, we are not called upon to decide at this time whether the chancellor erred in overruling the demurrers but whether he has jurisdiction of the settlement suit.

In the Jones case the widow and infant heirs sued to set aside and have declared void certain deeds made

by the master commissioner conveying lands owned by the husband and father. In the original actions the petitions were not verified, yet guardians ad litem were appointed and personal judgments went against the widow and the infant heirs for the debts of the decedent. In holding that such judgments were void we said that the proceeding to sell real estate passing by descent for the payment of an ancestor's debts must be brought under secs. 428 and 429 of the Civil Code of Practice, the terms of which must be substantially complied with, otherwise the judgment is void, citing Soper v. Foster, 244 Ky. 658, 51 S. W. 2d 927.

The Soper opinion deals with an action brought pursuant to sec. 428 against the father and two infant children of the deceased wife and mother to subject certain real estate to her indebtedness. The petition averred that Mrs. Soper left no personal property out of which her debts could be paid and default judgment was rendered ordering the real estate sold. The opinion points out that the petition was fatally defective as to parties, and it ignored some of the provisions of secs. 428 and 429 and that the judgment was void as it went against the infants by default, as did the original judgments involved in the Jones case, supra, 289 Ky. 779, 160 S. W. 2d 164. The court said in Soper v. Foster, 244 Ky. 658, 51 S. W. 2d 927, 929: "Since the source of the court's authority to divest title of an infant in his land is the statutes, there must be no departure from it, else the sale is void for want of jurisdiction; for the want of power to order the sale."

In the settlement suit of which plaintiff is now complaining, no attempt was made to divest infants of real estate, therefore the Jones and Soper opinions have no application. We have reached the conclusion that the chancellor did not exceed his jurisdiction in referring that action to the commissioner for the settlement of the estate. But even had he exceeded his jurisdiction, we would not feel inclined to grant a writ of prohibition, since plaintiff has an adequate remedy as will be demonstrated in the next paragraph.

Admitting arguendo, but by no means deciding, that the court is proceeding erroneously, it cannot be said that Mrs. Smith will suffer great and irreparable injury and is without adequate remedy. The only injury

claimed by her is that resulting from the delay and cost incident to an appeal to correct the chancellor's alleged error. These are but the natural hazards of all litigation and Mrs. Smith's remedy by appeal is full and complete. It was never the purpose of sec. 110 of the Constitution that this court should interfere with interlocutory orders of the trial court on the theory that an error was being made when the petitioner for the writ of prohibition in this court has an adequate remedy by appeal. Brewer v. Vallandingham, 231 Ky. 510, 21 S. W. 2d 831.

The petition is dismissed.