476

## Blackerby et al. v. Adams, Judge.

In Court of Appeals

July 28, 1950.

Lena M. Craig, Earle L. Cole, and J. A. Edge, for appellant.

Yancey, Martin & Ockerman, and Neil Sullivan, for appellee.

JUDGE HELM—Denying writ.

This is an original action in this Court seeking a writ of prohibition.

In April, 1931, Monarch Equipment, a corporation, held a note of two of the plaintiffs, W. F. and Tillie M. Blackerby, in the sum of $2,500. This indebtedness was reduced to separate judgments in the sum of $2,500 each, one against W. F. Blackerby on April 25, 1931, and the other against Tillie M. Blackerby on July 11, 1931.

An execution representing both judgments was levied on certain real property owned by Tillie M. Blacker-

by in the City of Lexington on July 17, 1939. No "lis pendens" or other notice was filed. It appears that the property was not sold under the execution.

In July, 1940, Monarch Equipment was dissolved.

On May 3, 1943, Mr. and Mrs. Blackerby sold the property in question to their daughter, the plaintiff Margaret M. Blackerby, for the stated consideration of love and affection.

On March 17, 1948, a suit was filed in the Fayette Circuit Court in the name of Monarch Equipment for the purpose of enforcing the execution in favor of Monarch Equipment. On the same day an execution was issued styled "A reissue of execution No. 11392," which execution is based on the same judgments as the one issued in 1937.

The property in question was sold for $18,500 by the plaintiff, Margaret Malloy Blackerby, after the second execution was levied. Pursuant to an agreed order in the Circuit Court, $3,500 of the purchase price was paid to satisfy a lien of the Prudential Insurance Company, and the balance of $15,000 was placed in the hands of the clerk, the rights of the parties as their interest may appear to attach to the $15,000.

The suit is being defended on the ground that Miss Blackerby is a bona fide purchaser for value, and on the ground that the plaintiff Corporation is dissolved and does not exist for any purpose.

The plaintiff, Margaret M. Blackerby, is presently living in Philadelphia where she is employed by the University of Pennsylvania. She was brought before the court in the Monarch Equipment suit by warning order. Later she filed answer.

Judge Adams referred the case to the Master Commissioner of the Court to take testimony. Monarch moved that the Court require Margaret Blackerby to appear before the Court for the purpose of being orally examined, which motion was overruled. Mr. and Mrs. Blackerby testified that Margaret Blackerby was a resident of Lexington, when she was not in school in Philadelphia, and that she would be in Lexington on the next Court day. Later Mr. Blackerby, after having been examined as if on cross-examination by counsel for Mon-

arch, stated that he would wire his daughter not to come to Lexington. As a result, Judge Adams entered an order allowing Monarch two weeks in which to complete the taking of its testimony *after* Margaret Malloy Blackerby appeared to be orally examined as if under cross-examination.

Plaintiffs state that Margraet Malloy Blackerby is suffering a great loss in not being able to use any part of the fund of $15,000 being held by the clerk, and they seek a writ of prohibition against Judge Adams to enjoin him from enforcing his order with regard to the time Monarch shall finish taking its testimony.

Assuming, without deciding, that the Court below is proceeding erroneously, we cannot say that Margaret Malloy Blackerby will suffer such great and irreparable injury as is contemplated by the rule heretofore adopted by this Court as to the circumstances under which a writ of prohibition will be issued. Miss Blackerby agreed to the impounding of the $15,000 pending the outcome of the suit. The only loss shown is the loss of interest by reason of the impounding of the money. This is a hazard common to many law suits, and were we to grant the writ in this case we would in effect be allowing an appeal from an interlocutory order. Smith v. Burnett, 300 Ky. 249, 188 S.W.2d 480.

It is undisputed that Mr. Blackerby made the statement that he would wire his daughter, the plaintiff Margaret Blackerby, not to come back to Lexington after she had planned to be there within a few days. Her own action, in refusing to appear, is delaying the decision which she appears anxious to have made.

We have carefully considered plaintiffs' briefs and the cases cited therein but we feel that they are not controlling in the case at bar.

The writ is denied.